778 So.2d 484 (2001)
Ivel VILLANUEVA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-1901.
District Court of Appeal of Florida, Third District.
February 21, 2001.
Howard Sohn, for appellant.
Robert A. Butterworth, Attorney General, and Fredericka Sands, Assistant Attorney General, for appellee.
Before GODERICH and SORONDO, JJ., and NESBITT, Senior Judge.
PER CURIAM.
The defendant appeals from his revocation of probation and sentence alleging that the trial court abused its discretion by denying the assistant public defender's motion for a continuance of the probation violation hearing because he was not adequately prepared to proceed. Under the circumstances of this case, where the affidavit of violation of probation alleged a substantive violation that occurred in another county, where there was a very short period of time between the defendant's arrest and the probation hearing, and where there was confusion as to whether the case was noticed for a report or for the actual probation violation hearing, we find that the trial court abused its discretion by denying the assistant public defender's motion for continuance. See Smith v. State, 525 So.2d 477, 479 (Fla. 1st DCA 1988).
Reversed and remanded for further proceedings consistent with this opinion.
GODERICH AND NESBITT, JJ., concur.
SORONDO, J. (specially concurring).
I agree with the majority that the trial court abused its discretion when it denied defendant's motion for continuance and write separately to address one additional issue.
On the day this case was scheduled for a probation revocation hearing, a private lawyer appeared on behalf of defendant, filed a notice of appearance and sought leave to substitute himself for the office of the public defender. The trial court would not allow his admission into the case and forced the public defender's office to proceed *485 to the revocation hearing. A review of the facts is in order.
Defendant was placed on probation in December of 1999. On April 28, 2000, an affidavit of violation of probation was filed and a warrant was issued for defendant's arrest. On May 9, 2000, an amended affidavit was filed. On May 30, 2000, defendant was arrested and he was brought before the trial court on May 31, 2000. On that day defendant entered a denial of the allegations.
On June 2, 2000, a second amended affidavit of violation of probation was filed with the trial court. Defendant was arraigned on the new affidavit at which time the assistant public defender assigned to the case demanded discovery.[1] This last affidavit alleged one technical violation of probation and also included allegations that defendant had committed seven new offenses in Broward County. A probation revocation hearing was scheduled for June 23, 2000.[2]
The second issue raised by defendant in this case is that his right to counsel, guaranteed by the Sixth Amendment of the Constitution of the United States, was violated by the court's refusal to allow him to be represented by counsel of his choice. I agree.
It is clear that the Sixth Amendment protects the right of a criminal defendant to be represented by the attorney of his choosing. See Wheat v. United States, 486 U.S. 153, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988); Foster v. State, 704 So.2d 169 (Fla. 4th DCA 1997). It is equally clear that this right is not absolute and may be circumscribed in certain respects, particularly where considerations of judicial administration supervene. See Wheat, 486 U.S. at 159, 108 S.Ct. 1692; United States v. Voigt, 89 F.3d 1050, 1074 (3d Cir.1996).
In Foster, the Fourth District Court of Appeal held that a defendant whose case had been pending for two years, and who had been continuously represented by appointed counsel, was denied his Sixth Amendment right when privately retained counsel of his and his family's choice was not allowed to enter the case on the morning trial was to commence, absent a finding that the defendant's belated motion for substitution was made simply for the purpose of delaying the trial. Although I cannot say that I agree with that holding, it certainly stands in stark contrast to the present case where private counsel sought to enter the case a mere twenty-one days after arraignment.
Where a person is arrested and held in jail with either no bond or a bond he or she is unable to post, securing the services of private counsel is not a simple matter.[3] In jail, even gaining access to a telephone can be complicated. Calling lawyers at times when they are available in their offices, getting them to visit the jail, agreeing to a fee schedule which the defendant can afford and securing the necessary funds to retain counsel can often take several weeks. In this case, defendant was able to retain private counsel within twenty-one days of arraignment. This time frame was eminently reasonable and he had a constitutional right to have the attorney of his choice represent him.
NOTES
[1] The record does not reflect when the state supplied its discovery response.
[2] The majority correctly observes that there was some confusion concerning the actual nature of the June 23rd hearing. It appears to me that the assistant public defender was aware that the case was scheduled for a probation revocation hearing. Private counsel apparently advised the trial court, and argued in this appeal, that the court's calendar listed the case as "report re: probation violation hearing," and he was therefore under the impression that the case was only set for some kind of status report.
[3] Indeed, it is not always a simple matter when defendant is not incarcerated.