WARNER, J.
This appeal arises from an order revoking appellant’s community control. Because the trial court clearly violated appellant’s due process rights by failing to give him adequate time to prepare for the violation hearing, we reverse.
Appellant pled no contest to a delinquency petition, and the court withheld adjudication and placed appellant on community control. His community control officer subsequently filed an affidavit of violation. When the case was initially called, the clerk advised the trial court that it required a hearing date. The community control officer advised the court that she was ready to proceed that day, so the court appointed an Assistant Public Defender (“APD”) to represent appellant. The APD, who had just received the violation report ten minutes before, said she was not prepared to proceed, objected to *1257 proceeding that day, and asked the court to set a hearing. She explained that she had not even had an opportunity to speak with appellant or investigate any possible defenses. When the court offered her five more minutes, the APD objected that she would still have insufficient time to prepare. The court responded, “[w]ell, I’m going to overrule your objection and hear it right now then.” Both before and during the ensuing violation hearing, the APD repeatedly renewed her objection. At the conclusion of the hearing, the court revoked appellant’s community control. This appeal followed.
In Weible v. State, 761 So.2d 469, 472 (Fla. 4th DCA 2000), this court explained:
The granting or denial of a motion for continuance is within the trial court’s discretion. See Bowie v. State, 559 So.2d 1113 (Fla.1990). Denial of a motion for continuance “should not be reversed by an appellate court unless there has been a palpable abuse of this judicial discretion” that “clearly and affirmatively” appears in the record. Magill v. State, 386 So.2d 1188, 1189 (Fla.1980). “The common thread running through those cases in which a palpable abuse of discretion has been found is that defense counsel must be afforded an adequate opportunity to investigate and prepare any applicable defense.” Smith v. State, 525 So.2d 477, 479 (Fla. 1st DCA 1988). Most likely, this is because “[f]ew rights are more fundamental than that of an accused to present witnesses in his own defense.” Chambers v. Mississippi, 410 U.S. 284, 302, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973).
(Emphasis added). The actions of the trial judge in -this case clearly violated appellant’s rights. Ten minutes after being appointed is simply insufficient time to prepare for a violation of community control hearing. The attorney did not even have the opportunity to consult with her client. The trial court thus committed a palpable abuse of discretion in denying appellant’s repeated requests to continue the case and set a hearing date. See Villanueva v. State, 778 So.2d 484, 484 (Fla. 3d DCA 2001); Smith v. State, 525 So.2d 477, 479-80 (Fla. 1st DCA 1988); Mato v. State, 278 So.2d 672, 673 (Fla. 3d DCA 1973).
We therefore reverse the order revoking appellant’s community control and remand for further proceedings.
POLEN, C.J. and GUNTHER J., concur.