KLEIN, J.
Appellant was convicted of knowingly selling a controlled substance and possession of cocaine. He argues that the trial court erred in denying his motion for continuance so that he could retain counsel of his choice. We affirm.
When appellant’s case was called for trial, appellant’s public defender requested a continuance, stating that appellant’s family had obtained the money to hire private counsel. After observing that the defense had announced ready on three prior occasions, the court asked appellant why he wanted to hire private counsel, and appellant responded with vague insufficient complaints.
When the court asked appellant why he waited until the day of trial, appellant responded that his family had just gotten the money. After the state argued that appellant had not articulated a reason why his present counsel was not competent, appellant stated that he simply wanted to have the best possible lawyer.' The court denied the motion for a continuance and appellant was convicted.
Appellant relies on Villanueva v. State, 778 So.2d 484 (Fla. 3d DCA 2001); however, that caáfe is clearly distinguishable. In Villanueva the defendant’s probation revo-. cation hearing was scheduled twenty-four days after he was arrested. On the day of the hearing, a private lawyer filed a notice of appearance and sought to substitute himself for the public defender. The trial court would not allow it and forced the public defender to represent the defendant. The public defender moved for a continuance on the ground that he was not prepared, which was denied, and the appellate court reversed, finding an abuse of discretion.
Although Villanueva is distinguishable on the time sequence alone, we also find it significant that in Villanueva new counsel had been, retained, had filed a notice of appearance and had come to court. In contrast, in the present case, appellant was seeking a continuance merely on the representation that he intended to retain private counsel, without even so much as giving the court á name.
The present case is. more like Evans v. State, 741 So.2d 1190 (Fla. 4th DCA 1999), in which this court held that the defendant was not entitled to discharge his public defender on the day of trial, in order to obtain private counsel, where the defendant did not give a good reason for discharging the public defender and had not even spoken with another lawyer.
The Sixth Amendment protects the right of a defendant to be represented by counsel of his choice; however, the right is not absolute where there are countervailing considerations of judicial administration. Wheat v. United States., 486 U.S. 153, 159, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988).
We find no abuse of discretion and affirm.
GUNTHER and STONE, JJ, concur.