476 So.2d 149 (1985)
STATE of Florida, Petitioner,
v.
Alonza ROWELL, Respondent.
No. 65417.
Supreme Court of Florida.
August 29, 1985.
Jim Smith, Atty. Gen., and Sean Daly, Asst. Atty. Gen., Daytona Beach, for petitioner.
*150 James B. Gibson, Public Defender, and James R. Wulchak, Asst. Public Defender, Daytona Beach, for respondent.
McDONALD, Justice.
This case involves the same certified question as State v. DiGuilio (Fla. August 29, 1985), just decided by this Court. Rowell v. State, 450 So.2d 1226, 1228 (Fla. 5th DCA 1984).
An information charged Rowell with two counts of burglary of a conveyance, one count of possession of burglary tools, and one count of petit theft. During the trial, the prosecutor asked the arresting officer if he had attempted to take a statement from Rowell after his arrest. The officer replied: "Ah, I never asked him that, I never ... I asked him, but he refused to give me any information as far as... ." At that point defense counsel objected and moved for a mistrial. The trial court denied the objection and motion. The jury convicted Rowell as charged. The district court found the officer's testimony to be "fairly susceptible" to interpretation by the jury as a comment on Rowell's exercise of his right to remain silent and automatically reversed for a new trial.
An examination of the record shows that the officer's statement was not a comment on silence or even fairly susceptible of being one. Defense counsel never allowed the witness to complete his statement. On cross-examination, however, defense counsel returned to the officer's testimony in question:
Q... .
Now, so, he agreed to talk to you. He didn't refuse to talk to you out there at all; did he?
A. That's correct.
It is clear that Rowell never exercised his right to remain silent when arrested; the officer testified to this. A fragmented statement, a phrase taken out of context, or the failure to answer a specific question while answering others is inadequate to sustain the claim that one exercised his right to remain silent. The totality of the circumstances surrounding an officer's interviews with a suspect as well as the full context of the officer's testimony must be considered in determining whether one's fifth amendment right against self-incrimination was invoked. Donovan v. State, 417 So.2d 674 (Fla. 1982). On the other hand, the fact that a suspect ceased answering all further questions after answering some is a circumstance not subject to comment.
The officer's testimony, when examined in its totality, could not be fairly susceptible of interpretation as a comment on silence. Thus, this is not a proper case to discuss the application of the harmless error rule when a witness testifies that a suspect exercised his right to remain silent.
Accordingly, the decision of the district court is quashed and the case is remanded with directions to affirm the original conviction and sentence.
It is so ordered.
OVERTON, ALDERMAN, EHRLICH and SHAW, JJ., concur.
BOYD, C.J., and ADKINS, J., dissents.