483 So.2d 542 (1986)
David D. STACEY, Appellant,
v.
STATE of Florida, Appellee.
No. BC-1.
District Court of Appeal of Florida, First District.
February 21, 1986.
*543 Michael E. Allen, Public Defender, and Paula S. Saunders, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Lawrence A. Kaden, Asst. Atty. Gen., for appellee.
WIGGINTON, Judge.
Appellant appeals a judgment and sentence, entered after jury trial, in which he was found guilty of assault, aggravated assault, battery on a police officer, and resisting arrest with violence. He was sentenced to time served on the first count and to three concurrent five-year terms on the remaining counts. We have considered appellant's arguments on appeal in regard to his convictions, find them to be without merit and affirm his convictions.
Appellant also has raised several issues regarding his guidelines sentencing under Florida Rule of Criminal Procedure 3.701. His argument that a guidelines amendment cannot be applied retroactively has been resolved contrary to his position in State v. Jackson, 478 So.2d 1054 (Fla. 1985) and in this Court's opinion in Wilkerson v. State, 480 So.2d 213 (Fla. 1st DCA 1985).
One sentencing issue raised by appellant does require a remand for further proceedings. The presentence investigation report prepared on appellant stated that he has ten prior felony convictions in the State of Georgia. His scoresheet was prepared counting all of those prior convictions. However, at the sentencing hearing, defense counsel challenged three of those prior convictions and the State offered no independent corroborating evidence of those convictions. In Davis v. State, 463 So.2d 398 (Fla. 1st DCA 1985), this Court declared:
Where the defendant disputes the truth of hearsay statements contained in presentence investigation reports, which would be material to the statutory findings which the trial court is required to make, the court must require the state to produce corroborating evidence. Eutsey v. State, 383 So.2d 219 (Fla. 1980). We find this standard applies to sentencing guidelines cases.
Accordingly, as in Davis, this cause is remanded for a new sentencing hearing and such resentencing as may be required.
AFFIRMED in part and REMANDED for further proceedings consistent herewith.
ERVIN, J., and McCORD, GUYTE P., Jr. (Ret.), Associate Judge, concur.