504 So.2d 1280 (1986)
James McKAY, Appellant,
v.
STATE of Florida, Appellee.
No. BK-170.
District Court of Appeal of Florida, First District.
December 3, 1986.
*1281 Michael E. Allen, Public Defender, for appellant.
Jim Smith, Atty. Gen., Henri C. Cawthon, Asst. Atty. Gen., for appellee.
MILLS, Judge.
McKay appeals from a conviction and sentence for robbery with a firearm and aggravated assault. We affirm.
In July 1985, a person carrying a 9mm blue steel revolver and wearing a ski mask, mirrored glasses and hiking boots with plaid laces robbed a bank in Gainesville, Florida. He got away with $55,000 in cash, which had been strapped, initialed and dated; he carried the cash in a plastic bag. McKay was apprehended soon after the robbery wearing hiking boots with plaid laces and carrying a 9mm blue steel revolver and a plastic bag carrying $55,000 in marked cash. Witnesses to the robbery identified the boots and laces, plastic bag, pistol and cash as those of the robber. Prior to trial, McKay was adjudged indigent and a public defender was appointed.
On Friday, 22 November 1985, prior to trial on Monday, 25 November, McKay retained private counsel who appeared before the court on the day of trial and requested a continuance to prepare for trial. The court denied the continuance but stated that he would permit private counsel to join the public defender as co-counsel. Counsel declined to do so and McKay proceeded to trial represented by the public defender.
At one point during the trial, the state proffered the testimony of the arresting officer, outside the presence of the jury, that McKay had declined to answer questions after his arrest; the trial court excluded that testimony. In the presence of the jury, the officer was asked about his responsibilities in the case and answered that he had "attempted an interview with James McKay at the police station... ." The defense interrupted, contending that the remark was an impermissible comment on McKay's right to remain silent and moving for a mistrial. The court denied the motion, finding any error harmless, and immediately gave a curative instruction to *1282 the effect that the jury was not permitted to draw any inference of guilt from the exercise of the right to remain silent.
The jury returned a verdict of guilty on both counts. The sentencing guidelines scoresheet prepared by the State reflected a total of 790 points, 701 of which related to prior convictions as shown on an FBI "rap sheet." The defense objected to the use of the sheet as hearsay, arguing that this general objection triggered the State's responsibility to corroborate the convictions reflected thereon. The State countered that, before such corroboration could be required, McKay had to object with specificity to any challenged convictions. After continuing the sentencing proceeding to consider the question, the trial court agreed with the State that corroboration would not be required unless McKay "specifically [indicated] the points in the scoresheet" which he contested. McKay declined to do so, and sentencing proceeded based on the scoresheet as prepared.
McKay contends on appeal that the trial court's denial of his motion for continuance prior to trial deprived him of his right to counsel of choice. While criminal defendants have the right to a reasonable opportunity to select and be represented by chosen counsel, and the right to a preparation period sufficient to assure at least a minimal quality of counsel, Birt v. Montgomery, 725 F.2d 587 (11th Cir.1984) cert. den., 469 U.S. 874, 105 S.Ct. 232, 83 L.Ed.2d 161, citing Gandy v. Alabama, 569 F.2d 1318, 1323 (5th Cir.1978), the right is not absolute but at some point must bend before countervailing interests involving effective administration of the courts. Thus, when a defendant asks for a continuance on the eve of trial in order to allow time for recently retained counsel to prepare, the court must balance that request against many other factors, such as those outlined in U.S. v. Uptain, 531 F.2d 1281 (5th Cir.1976). Birt at 593.
Factors to be considered in determining whether the denial of a continuance is error based on the lack of preparation time are: 1) the time available for preparation, 2) the likelihood of prejudice from the denial, 3) the defendant's role in shortening preparation time, 4) the complexity of the case, 5) the availability of discovery, 6) the adequacy of counsel actually provided and 7) the skill and experience of chosen counsel and his pre-retention experience with either the defendant or the alleged crime. Uptain at 1286-87.
The record in this case reflects that, although the preparation time was short, McKay demonstrated no prejudice therefrom and, in fact, shortened the available time himself by waiting three months to retain counsel. The case was not complex, but fairly straightforward and neither the availability of discovery nor the ability of appointed counsel was called into question. Finally, there was no evidence that chosen counsel was especially skilled in such cases or that he had dealt with McKay or his alleged crimes prior to retention. A motion for continuance is addressed to the sound discretion of the trial court and its ruling thereon will not be disturbed absent a showing of abuse of discretion. Uptain; U.S. v. Garmany, 762 F.2d 929 (11th Cir.1985). We find no abuse of discretion herein and affirm on this issue.
McKay contends further that the trial court erred in denying his motion for mistrial based on the testimony elicited by the State from the arresting officer as quoted above. Only those comments which are "fairly susceptible" of being interpreted as a comment on silence will be treated as such. State v. DiGuilio, 491 So.2d 1129, 1135 (Fla. 1986). In State v. Rowell, 476 So.2d 149 (Fla. 1985), the arresting officer was specifically asked whether he had attempted to take the defendant's statement after his arrest. The officer answered, "I asked him, but he refused to give me any information as far as... ." The defense then interrupted with its motion for mistrial.
The Rowell court held that the officer's statement was not a comment on silence or "even fairly susceptible of being one." Rowell at 150. The officer's testimony in this case is, in our view, even less susceptible of interpretation as a comment on silence than *1283 that in Rowell since, unlike Rowell, the officer herein did not indicate McKay's response to his attempted interview. The denial of the motion for mistrial is affirmed as well.
Finally, McKay alleges error in the trial court's consideration at sentencing of prior convictions reflected on an uncorroborated rap sheet. However, the record demonstrates that at no time did McKay dispute the truth of any or all of the convictions shown on the rap sheet, but rather generally objected to its use as hearsay. We find that the trial court was correct in its conclusion that, where the defendant does not dispute the truth of the listed convictions, the state is not required to come forward with corroboration thereof. Wright v. State, 476 So.2d 325, 327 (Fla. 2d DCA 1985). See also Stacey v. State, 483 So.2d 542 (Fla. 1st DCA 1986); Baker v. State, 493 So.2d 515 (Fla. 1st DCA 1986); Olivera v. State, 494 So.2d 298 (Fla. 1st DCA 1986).
Affirmed.
SHIVERS and JOANOS, JJ., concur.