525 So.2d 477 (1988)
James R. SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. BP-99.
District Court of Appeal of Florida, First District.
May 20, 1988.
*478 Michael E. Allen, Public Defender and David A. Davis, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and John M. Koenig, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Appellant James R. Smith appeals the order of judgment and conviction, and the departure sentence imposed thereon, following his nolo contendere plea to sexual offenses against a child. The issues presented for our review are: (1) whether the trial court erred in denying appellant's motion for continuance of the sentencing hearing, and (2) whether the trial court erred in departing from the recommended guideline sentence. We affirm with respect to the reasons provided for departure, but reverse with regard to denial of a continuance and remand for a new sentencing hearing.
Appellant was charged initially in a five-count information, with sexual battery, lewd assault upon a child, and lewd conduct in the presence of a child. The victim was the eight-year-old daughter of appellant's live-in girl friend. The record reflects that the alleged acts of sexual battery first occurred when the child was seven years old, and continued for approximately two years, that is, up until the time of appellant's arrest. Appellant pled nolo contendere to lewd act upon a child and lewd conduct in the presence of a child, and the state nolle prossed the remaining charges.
Ten days prior to sentencing, the state filed a supplemental answer to the defendant's demand for discovery, disclosing the name, address, and telephone number of Dr. Trisha Biggers, the victim's psychologist. The supplemental discovery response advised that Dr. Biggers might be called at the sentencing proceeding "regarding her interviews, acts disclosed, counseling, conclusions, [and] psychological damage ... in regard to the victim." At the sentencing hearing, defense counsel asked for a continuance, on the ground that Dr. Biggers's report contained factual allegations made by the child which were inconsistent with *479 and contrary to some of the statements made in the initial complaint, as well as in depositions. The state opposed the continuance, arguing that the report was furnished to the defense as soon as it was received, that Dr. Biggers's name had been disclosed ten days before the hearing, and that the guardian ad litem and other people involved in the sentencing were present.
In response to the state's argument, defense counsel stated that even if he had in fact received the documents a week before the hearing, or if he had received the notice on the same day it was received by the public defender's office, he would have come into court with the same motion for a continuance. Defense counsel explained he was no longer employed by the public defender's office, and could not account for the failure of that office to depose Dr. Biggers. Counsel noted, however, that nine days was a fairly short period of time in which to depose a witness in Gainesville from Lake City, and still have time to get a transcript before the hearing.
The record reflects that the state received the psychologist's written report one day prior to sentencing, and immediately furnished copies of the report to the trial court and defense counsel. The trial court expressed concern that defense counsel waited until the day of sentencing to ask for a continuance, and denied the motion for continuance. Instead of the continuance, defense counsel was granted thirty minutes to discuss the matters in the report with his client.
The recommended guideline sentence was 3 1/2 to 4 1/2 years. The trial court departed from the guidelines and sentenced appellant to two consecutive 10-year sentences, providing as reasons therefor the extreme emotional trauma to the child victim, and the familial relationship of the victim to the defendant.
With regard to the first issue raised in this appeal, a motion for continuance may be granted upon a showing of good cause, and "may be made only before or at the time the case is set for trial, unless good cause for failure to so apply is shown or unless the ground for the motion arose after the cause was set for trial." Fla.R. Crim.P. 3.190(g)(3). The principle is well settled that the grant or denial of a motion for continuance is within the trial court's discretion, and the court's ruling in such regard will not be disturbed unless a palpable abuse of discretion is demonstrated. Jackson v. State, 464 So.2d 1181 (Fla. 1985); Lusk v. State, 446 So.2d 1038 (Fla.) cert. denied, 469 U.S. 873, 105 S.Ct. 229, 83 L.Ed.2d 158 (1984); Williams v. State, 438 So.2d 781 (Fla. 1983), cert. denied, 465 U.S. 1109, 104 S.Ct. 1617, 80 L.Ed.2d 146 (1984); Jent v. State, 408 So.2d 1024 (Fla. 1981), cert. denied, 457 U.S. 1111, 102 S.Ct. 2916, 73 L.Ed.2d 1322 (1982); Loren v. State, 518 So.2d 342 (Fla. 1st DCA 1987).
The common thread running through those cases in which a palpable abuse of discretion has been found, is that defense counsel must be afforded an adequate opportunity to investigate and prepare any applicable defense. Loren v. State, 518 So.2d at 346; Brown v. State, 426 So.2d 76, 80 (Fla. 1st DCA 1983), disapproved on other grounds by Bundy v. State, 471 So.2d 9 (Fla. 1985); Harley v. State, 407 So.2d 382 (Fla. 1st DCA 1981). Adequate time to prepare a defense is a right that "is inherent in the right to counsel." Brown v. State, 426 So.2d at 80. In McKay v. State, 504 So.2d 1280 (Fla. 1st DCA 1986), this court set forth the following seven factors to consider in determining whether denial of a continuance was error due to lack of adequate time to prepare a defense: (1) the time actually available for preparation, (2) the likelihood of prejudice from the denial, (3) the defendant's role in shortening preparation time, (4) the complexity of the case, (5) the availability of discovery, (6) the adequacy of counsel actually provided, and (7) the skill and experience of chosen counsel and his pre-retention experience with the defendant or the alleged crime.
In Diaz v. State, 513 So.2d 1045 (Fla. 1987), cert. denied, ___ U.S. ___, 108 S.Ct. 1061, 98 L.Ed.2d 1022 (1988), the court considered the adequacy of notice afforded defense counsel regarding the state's intention to call a state prisoner, Gajus, as a witness. One week before trial, the state *480 filed notice of its intent to call Gajus. Gajus had occupied the cell next to that of appellant during appellant's pre-trial incarceration. Appellant allegedly discussed his pending murder and robbery charges with Gajus. Defense counsel deposed Gajus immediately after receiving the state's notice. However, on the first day of trial, counsel moved for a continuance, claiming insufficient time to discuss the truth of Gajus's statements with appellant. Without discussion, the supreme court found no abuse of discretion in the trial court's denial of the defense request for a continuance.
In the instant case, unlike the situation in Diaz, defense counsel received actual notice of the state's intention to use Dr. Biggers as a witness only one day before the sentencing proceeding. Furthermore, in this case, unlike Diaz, the one-day notice did not provide defense counsel an opportunity to depose the witness, nor did counsel have time to contact an expert for the defense or to assemble other evidence in opposition to Dr. Biggers's testimony. Dr. Biggers's report is quite detailed and very damaging from the defense perspective, on the issue of the emotional trauma experienced by the victim. In addition, this testimony and report introduced new information not reflected in any other statement. For example, the report reflects that on at least one occasion appellant allegedly threatened the child with a knife. Since the trial court's written reasons for exceeding the guidelines track some of the language of Dr. Biggers's report, it is clear that the trial court's sentencing decisions were influenced by Dr. Biggers's testimony and report. We find that in the circumstances, appellant has demonstrated good cause for a continuance. Moreover, since the ground for defense counsel's motion for a continuance arose after the sentencing proceeding was scheduled, the motion comported with the time requirements of the rule. See Fla.R.Crim.P. 3.190(g)(3).
Although we recognize the deference due a trial court's ruling on a motion for continuance, that deference is not absolute. A denial of a motion for continuance will be reversed when the record demonstrates, as it does in this case, that adequate preparation of a defense was placed at risk by virtue of the denial. See Loren v. State, 518 So.2d at 346, and cases cited therein. Since the record in this case establishes that defense counsel was not afforded adequate time to prepare for sentencing, the denial of appellant's motion for continuance is reversed and the case is remanded with directions to hold a new sentencing hearing.
The second point raised in this appeal concerns the trial court's stated reasons for departure. Appellant seemingly recognizes that one of the trial court's departure reasons, abuse of a position of familial authority over the victim, is valid. See Davis v. State, 517 So.2d 670, 673-674 (Fla. 1987); Hawkins v. State, 522 So.2d 488 (Fla. 1st DCA 1988); Williams v. State, 462 So.2d 36 (Fla. 1st DCA), review denied, 471 So.2d 44 (Fla. 1985). However, appellant contends that the victim's emotional trauma arose from crimes for which appellant was not convicted, therefore, departure on this ground cannot be justified. See Fla.R.Crim.P. 3.701(d)(11); State v. Tyner, 506 So.2d 405 (Fla. 1987). We agree that this is a correct statement of the law, but do not agree with appellant's analysis and application of the law to the facts of this case. It is well settled that emotional or psychological trauma is a clear and convincing reason for departure where there is evidence that the trauma results from "extraordinary circumstances which are clearly not inherent in the offense charged," Casteel v. State, 498 So.2d 1249, 1253 (Fla. 1986), or where there is "a discernible physical manifestation resulting from the trauma." State v. Rousseau, 509 So.2d 281, 184-185 (Fla. 1987). See also Tillman v. State, 525 So.2d 862 (Fla. 1988); Hall v. State, 517 So.2d 692, 694 (Fla. 1988).
The record in this case reflects that the emotional trauma suffered by the victim constitutes trauma with discernible physical manifestations, as contemplated by Rousseau. In addition, the trauma is related to extraordinary circumstances which are not inherent in the convicted offenses *481 of lewd act upon a child and lewd conduct in the presence of a child. Moreover, Dr. Biggers testified that her opinions and conclusions regarding the child's severe emotional trauma would be the same if based solely on the offenses for which appellant was convicted.
In conclusion, we do not condone the conduct of the public defender's office in failing to transmit the state's notice of intent to use Dr. Biggers's testimony. However, what is at stake is the defendant's right to adequate representation. Therefore, we reverse point one for failure to allow defense counsel an adequate time to prepare, and remand with directions to grant appellant a new sentencing hearing. As to the departure reasons, we find the ones set out in the sentence to be valid. Therefore, on remand a new sentencing hearing should be afforded appellant after appellant's right to adequate time to prepare a defense is provided.
Accordingly, this case is reversed and remanded for proceedings consistent with this opinion.
SHIVERS and THOMPSON, JJ., concur.