PER CURIAM.
This is an appeal by the defendant Charles Lynn Garrett from judgments of conviction and sentences for robbery and attempted first-degree murder. We affirm with one modification.
First, we reject the defendant’s contention that the trial court erred in denying a defense motion for a mistrial after a police officer testified concerning his post-arrest conversation with the defendant. This testimony was elicited to negate the defendant’s claimed defense of intoxication by showing that the defendant did not exhibit the usual signs of intoxication in his post-arrest en *102 counter with the officer shortly after the commission of the charged offenses — i.e., bloodshot eyes, flushed face, inability to communicate properly and an odor of alcohol on the person. In so doing, the officer testified that the defendant “would not answer my questions, but he was very coherent.” Contrary to the defendant’s argument, this testimony is not fairly susceptible of being interpreted as an impermissible comment on the defendant’s right to post-arrest silence; plainly it was introduced to show that the defendant was not intoxicated shortly after the charged offenses in that he was entirely coherent in his conversations with the officer. The defendant’s motion for mistrial was properly denied. State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986); State v. Rowell, 476 So.2d 149 (Fla.1985); McKay v. State, 504 So.2d 1280, 1282-83 (Fla. 1st DCA 1986).
Second, upon the state’s confession of error, we modify the judgments appealed from by striking all references therein to Section 775.087, Florida Statutes (1991). Without dispute, this statute is not involved in this ease and no sentence was imposed upon the defendant pursuant thereto. With this modification, the judgments and sentences appealed from are, in all respects,
Affirmed.