855 So.2d 258 (2003)
D.N., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-3587.
District Court of Appeal of Florida, Fourth District.
October 1, 2003.
*259 Carey Haughwout, Public Defender, and Gary Caldwell, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Karen Finkle, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
D.N., a thirteen-year-old child, pled no contest to charges of resisting an officer without violence and trespass on school grounds for which he received probation on January 23, 2002. D.N. was scheduled to be released on August 20, 2002. The relevant terms of probation required that D.N. successfully complete fifty hours of community service, which could be satisfied by attending anger management classes, attending school including every class assigned, and fulfilling various other requirements. The State filed an affidavit of violation of probation alleging four violations, of which the State proceeded on only the two involving community service and school attendance.
D.N. claimed that he attended anger management counseling under the supervision of Stacey Britton, D.N.'s re-entry counselor, which should have evidenced progress toward completing his probation requirement. D.N. testified on his own behalf that Britton had told him that every hour he spent with the anger management counselor would count as a community service hour. D.N. also testified that he reported his sessions to Britton, and estimated completion of about two months worth or about twenty-four sessions plus an additional ten sessions with a bereavement counselor.
The Public Defender's Office was given the affidavit of violation the week before the final hearing, which was scheduled for Tuesday, August 20, 2002. On the Thursday before the final hearing, Miss Sugarman, the originally appointed public defender, appeared before the court and confirmed that the defense "would be prepared to go forward on the violation on [August 20, 2002]." Notwithstanding, Miss Sugarman was in Spain on August 20, 2002, and the replacement public defender was handed the case on Monday afternoon, the day before the final hearing was scheduled. Though D.N. spoke with the public defender on August 19, and more extensively the next day, prior to the final hearing D.N. moved for a continuance because the defense was not prepared to go forward. Neither Britton nor the anger management counselor, Carey Little, was available to testify at the final hearing. Hence, D.N. sought a continuance to procure their testimony. At the hearing on the motion for continuance, the trial court stated the Public Defender's Office had sufficient time and, furthermore, in light of the fact that D.N. was due to be released that very day and the *260 Department of Juvenile Justice felt that, if released, D.N. could present a danger to society, the trial court denied the motion based on exigent circumstances. The order denying the motion for continuance was entered the morning of the final hearing, and the hearing was conducted at 2:00 p.m. as scheduled.
At the final hearing, the public defender specifically stated for the record that if she had more time she would have subpoenaed the two witnesses who possibly have information regarding the community service hours record, and she would have asked for a psychological evaluation. Another discussion ensued in which similar arguments as those made in the continuance hearing were again stated on the record. Thereafter, the final hearing proceeded. Despite D.N.'s testimony that he performed some community service hours under Britton's supervision, D.N.'s probation officer, Edwin Woods, testified that Britton never relayed to him any information that D.N. had performed community service hours, although she would normally have done so. Woods further testified that he would have given D.N. some, if not full, credit for any anger management counseling. The trial court stated to the extent that there is any conflict in the record regarding D.N.'s testimony and that of other witnesses, the trial court found the other witnesses more reliable. The trial court thereby found D.N. guilty of both alleged violations, and this appeal followed.
D.N. argues on appeal that the trial court erred by denying his motion for continuance. The granting or denial of a motion for continuance is within the trial court's discretion. See Bouie v. State, 559 So.2d 1113 (Fla.1990). Denial of a motion for continuance "should not be reversed by an appellate court unless there has been a palpable abuse of this judicial discretion" that "clearly and affirmatively" appears in the record. Magill v. State, 386 So.2d 1188, 1189 (Fla.1980). "The common thread running through those cases in which a palpable abuse of discretion has been found is that defense counsel must be afforded an adequate opportunity to investigate and prepare any applicable defense." Weible v. State, 761 So.2d 469, 472 (Fla. 4th DCA 2000) (quoting Smith v. State, 525 So.2d 477, 479 (Fla. 1st DCA 1988)).
In McKay v. State, 504 So.2d 1280 (Fla. 1st DCA 1986), the First District set out seven factors to consider in determining whether denial of a continuance was error due to lack of adequate time to prepare a defense. Those factors include:
(1) the time actually available for preparation,
(2) the likelihood of prejudice from the denial,
(3) the defendant's role in shortening preparation time,
(4) the complexity of the case,
(5) the availability of discovery,
(6) the adequacy of counsel actually provided, and
(7) the skill and experience of chosen counsel and his pre-retention experience with the defendant or the alleged crime.
Id. at 1282. Upon application of these factors to the facts before us, we conclude the trial court abused its discretion by failing to grant D.N. a continuance, thus resulting in a denial of his due process rights. The replacement public defender was not given adequate time to procure the testimony of all relevant and necessary witnesses. Had there been more time for discovery, it is possible that D.N.'s testimony could have been corroborated, and alternative legal theories could have been explored. Therefore, a likelihood of prejudice is present. Furthermore, it should be stressed that these circumstances occurred *261 through no fault of D.N. While we note that the trial court based its ruling upon exigent circumstances, it is unclear from the record why the trial court could not grant a short continuance and simply detain D.N. until the final hearing. Regardless, the due process rights of the individual triumph over these other considerations.
It is unnecessary for us to reach the other issue in this appeal because we hereby reverse the order revoking probation, and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
WARNER and STEVENSON, JJ., concur.