867 So.2d 1229 (2004)
Luis TROCOLA, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-3670.
District Court of Appeal of Florida, Fifth District.
March 12, 2004.
James B. Gibson, Public Defender, and Allison Havens, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy D. Wilson, Assistant Attorney General, Daytona Beach, for Appellee.
*1230 MONACO, J.
The issue presented by the appeal of Luis Trocola is whether the trial court abused its discretion in refusing to grant Mr. Trocola a continuance of his trial. We conclude that the court should have granted the continuance and reverse.
Mr. Trocola was charged in two informations with fleeing and attempting to elude law enforcement officers, three counts of battery on a law enforcement officer, and two counts of resisting an officer with violence. The informations were consolidated for trial at the request of the State.
At his arraignment on June 17, 2002, the Office of the Public Defender was appointed to represent Mr. Trocola, and the court set a pretrial conference for August 8, and a jury trial for September 17, 2002. At a status conference held on August 8th, Mr. Trocola, who was represented by his originally appointed assistant public defender, turned down a plea offer. His attorney stated, "We're going to trial." On September 17th, the original trial date, the court held a pretrial conference at which Mr. Trocola was represented by a different assistant public defender. The new attorney asked for a continuance based on a potential conflict of interest that he thought might preclude representation by the public defender's office, and based on his lack of readiness for trial. He argued that he was not prepared to try Mr. Trocola's case because it had only recently been assigned to him. He further advised the court that he had a very heavy case load, and that discovery had not yet been concluded.
It appears that two witnesses for the State, both of whom were police officers, failed to appear for their depositions, which were to be held a short time before the pretrial conference. In addition, two depositions had been set by the State which were to take place a week after the commencement of the trial period. Finally, a motion to suppress had been filed, but had not yet been heard by the court. The suppression hearing could not be heard immediately, according to Mr. Trocola's new counsel, because of the potential conflict that the attorney said he recently discovered. The trial court denied the motion for continuance, but continued the pretrial conference until the following day to allow the assistant public defender time to investigate the potential conflict.
On the following day counsel for Mr. Trocola again moved for a continuance on similar grounds, although the potential conflict was apparently resolved. The attorney's investigation indicated that he would not only have to depose the officers who had failed to appear, but that he would need to locate and call a rebuttal witness. He pointed out that officers from two separate counties, and possibly others were involved, and he simply had not had time either to discuss the case with his client or the witnesses, or to prepare a defense. Finally he related that the originally assigned attorney had "shifted out," and that Mr. Trocola "didn't have any choice in the matter." The trial court still denied the continuance, although he did schedule the trial near the end of the docket.
The jury found Mr. Trocola guilty of three of the charged offenses. He seeks a new trial arguing that the trial judge abused its discretion in denying a continuance.
As a general rule, the denial of a motion for continuance is within the sound discretion of the trial court, and the action of the court will not be disturbed on appeal unless there is a clear showing that there has been a "palpable" abuse of discretion to the disadvantage of the accused, or, unless the rights of the accused might *1231 have been jeopardized by the continuance determination. See Robinson v. State, 561 So.2d 419, 420 (Fla. 1st DCA 1990); Smith v. State, 525 So.2d 477, 479 (Fla. 1st DCA 1988); Mills v. State, 280 So.2d 35, 35 (Fla. 3d DCA 1973). Still, criminal defendants and counsel are entitled to a reasonable time to prepare for trial. See Browne v. State, 88 Fla. 457, 102 So. 546, 546-47 (1924); Langon v. State, 791 So.2d 1105, 1113 (Fla. 4th DCA 1999), review denied, 751 So.2d 1252 (Fla.), cert. denied, 530 U.S. 1218, 120 S.Ct. 2225, 147 L.Ed.2d 256 (2000); McKay v. State, 504 So.2d 1280 (Fla. 1st DCA 1986). The "common thread" connecting cases finding a "palpable" abuse of discretion in the denial of a continuance seems to be that defense counsel must be afforded a reasonable opportunity to investigate and prepare any applicable defenses. D.N. v. State, 855 So.2d 258, 260 (Fla. 4th DCA 2003) (citing Weible v. State, 761 So.2d 469, 472 (Fla. 4th DCA 2000)). "This right, however, is not absolute. At some point, the right bends before countervailing interests involving the effective administration of the courts." McKay, 504 So.2d at 1282.
In McKay, the First District Court of Appeal identified seven criteria that a court should consider in determining whether denial of a motion for continuance amounts to a palpable abuse of discretion based on lack of adequate time to prepare a defense. Those criteria include:
1. The time actually available for preparation;
2. The likelihood of prejudice from the denial;
3. The defendant's role in shortening preparation time;
4. The complexity of the case;
5. The availability of discovery;
6. The adequacy of counsel actually provided; and
7. The skill and experience of chosen counsel and his pre-retention experience with the defendant or the alleged crime.
McKay, 504 So.2d at 1282. The Fourth District adopted this test in D.N. v. State, 855 So.2d at 260. While not intending to imply that this list is exclusive, we agree that the factors are fair, well-considered and reasonable, and provide a sound basis to evaluate the present case.
Upon consideration of the McKay criteria, we conclude that the trial court palpably abused its discretion in denying the continuance. Mr. Trocola's counsel had only recently been assigned the case, and was clearly not prepared for trial. The time available to him before trial was inadequate under the circumstances, particularly given the fact that multiple counties and multiple law enforcement agencies were involved. In addition, the time problem was exacerbated by the fact that subpoenaed police officers failed to show up for their depositions. It simply is not fair to squeeze the trial preparation time of the accused because he or she cannot get discovery from State witnesses. Surely the Sixth Amendment right to counsel implies the right to prepared counsel. See McQueen v. Swenson, 498 F.2d 207, 216 (8th Cir.1974).; Kimbrough v. State, 352 So.2d 925 (Fla. 1st DCA 1977); see also Madden v. State, 535 So.2d 636 (Fla. 5th DCA 1988). We note, as well, that Mr. Trocola did not cause the problem associated with having a new attorney recently assigned. He had nothing to do with the fact that his original lawyer was "shifted" by the public defender's office, and ought not to be penalized because of it. Finally, this was Mr. Trocola's first request for a continuance. He was not abusing the process. We think it should have been granted.
*1232 Trial courts are under constant pressure to move cases through the criminal justice system. All judges are fully aware that unless cases are efficiently processed, the burden of backlog begins to choke, and unwanted delays multiply exponentially, One of our primary functions, however, is to make sure that trials are fair. We cannot lose sight of that laudable goal in the name of expediency. Mr. Trocola is entitled to a new trial with adequately prepared counsel.
REVERSED and REMANDED.
PETERSON and THOMPSON, JJ., concur.