920 So.2d 1252 (2006)
M.F., Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-682.
District Court of Appeal of Florida, Second District.
February 24, 2006.
James Marion Moorman, Public Defender, and Maureen E. Surber, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Sonya Roebuck Horbelt, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
M.F. appeals an order withholding adjudication of delinquency and placing him on probation for assault on a law enforcement officer. Because the trial court abused its discretion in denying the defense motion *1253 for continuance, we reverse and remand for a new adjudicatory hearing.
At the beginning of M.F.'s adjudicatory hearing on November 2, 2004, M.F.'s counsel, Mr. Concepcion, told the trial court[1] that he was not ready for trial and that M.F. had an appointment to meet with him on October 29, 2004, but that he did not show up for the appointment. Counsel stated, "Obviously, without seeing my client I cannot effectively represent." The trial court denied the request for continuance.
After a recess, the court asked how many witnesses the defense had, and counsel replied as follows:
MR. CONCEPCION: Your Honor, the Defense is going to have between one and three witnesses. I am just making all these decisions as we, basically, as we speak.
And I would like to put my objection on the record. I've got, basically, a 3.850 if I want it if I go to this trial. I can't effectively represent my client without him having seen me.
THE COURT: Well, it seems to me it was your client's decision to do this not yours, so. I mean, not talking to his lawyer until today and that's....
At that point, M.F.'s father interjected that his son was sixteen years old and that it was the father's decision, not M.F.'s decision, to not attend the appointment on October 29. The father stated that he had previously explained to the court on October 19 that he is visually impaired and that he "had problems moving back and forth" to get representation for his son. He added that on October 19, the court had ordered him to go to the Public Defender's Office that day. The father stated that he went there, waited for an hour and a half, and was told that he would have to "come back on the 29th, two days before trial." The father stated, "I didn't believe that that was a sufficient enough time for the seriousness of this trial to represent my son." The trial court said that the father made the wrong decision and proceeded with the adjudicatory hearing. We note that the State did not voice any objection to the continuance, and the record reflects that this was the first request for a continuance.
At the conclusion of the adjudicatory hearing, the trial court found that M.F. had committed the offense of assault on a law enforcement officer. The trial court noted that the testimony of the two police officers was consistent but that the testimony of the two defense witnesses, M.F. and Shovawn Baker, was inconsistent. In fact, in commenting on the inconsistencies in the defense case, the court stated, "This is where the Defense flunks. They get a grade of F."
Florida Rule of Juvenile Procedure 8.100(d) provides, "The court may grant a continuance before or during a hearing for good cause shown by any party." A ruling on a motion for continuance is within the trial court's discretion, and an appellate court should not reverse the denial of a motion for continuance "`unless there has been a palpable abuse of this judicial discretion' that `clearly and affirmatively' appears in the record." D.N. v. State, 855 So.2d 258, 260 (Fla. 4th DCA 2003) (quoting Magill v. State, 386 So.2d 1188, 1189 (Fla.1980)). The courts have recognized that "[t]he common thread running through those cases in which a palpable abuse of discretion has been found is that defense counsel must be afforded an *1254 adequate opportunity to investigate and prepare any applicable defense." Weible v. State, 761 So.2d 469, 472 (Fla. 4th DCA 2000) (quoting Smith v. State, 525 So.2d 477, 479 (Fla. 1st DCA 1988)).
In McKay v. State, 504 So.2d 1280, 1282 (Fla. 1st DCA 1986), the First District set forth the following factors to consider in determining whether a trial court erred in the denial of a motion for continuance based on inadequate time to prepare a defense:
1) the time available for preparation, 2) the likelihood of prejudice from the denial, 3) the defendant's role in shortening preparation time, 4) the complexity of the case, 5) the availability of discovery, 6) the adequacy of counsel actually provided and 7) the skill and experience of chosen counsel and his pre-retention experience with either the defendant or the alleged crime.
Applying the factors in McKay, we conclude that the trial court abused its discretion in denying the defense motion for continuance.
Here, defense counsel did not meet with his client prior to the adjudicatory hearing. In addition, it was undisputed that it was M.F.'s father, not M.F., who caused M.F. to miss the appointment with defense counsel. Further, the father's explanation that the appointment set for October 19, 2004, was rescheduled by the Public Defender for Friday, October 29, 2004, with the adjudicatory hearing set for the following Tuesday, was not disputed. Nothing in the record shows that M.F. had any role in shortening the preparation time. Moreover, it is apparent that the defense was prejudiced by the denial of the motion for continuance, as evidenced by the trial court's comments regarding the performance of the defense. Our review of the record confirms that there were many inconsistencies in the evidence presented by the defense. The testimony at the hearing also reflects that other witnesses were present at the scene. If defense counsel had met with his client, he may have decided to call other witnesses rather than using Shovawn Baker as a witness or, if required in order to fully prepare for the adjudicatory hearing, to move for a continuance prior to the hearing in order to seek out the other witnesses. Although this was not a complex case, even experienced counsel cannot adequately represent a client with whom counsel has never met. Under all of the circumstances, we conclude that the trial court abused its discretion in denying the request for a continuance. Therefore, we reverse and remand for a new adjudicatory hearing.
Reversed and remanded.
DAVIS, J., and THREADGILL, EDWARD F., Senior Judge, concur.
NOTES
[1] Judge Raiden conducted the adjudicatory hearing, and Judge Shinholser conducted the disposition hearing.