JACOBUS, J.
Dwayne Jones timely appeals his conviction for burglary of a dwelling with a battery and attempted false imprisonment. Jones raises three issues on appeal, only one of which merits discussion. He contends the lower court erred when it denied his motion to continue the trial. We agree, and reverse and remand for a new trial.
Jones was arrested on March 25, 2009. The public defender was appointed to represent him on April 27, 2009, and trial was set for July 13, 2009. On July 9th, Jones’s attorney filed a motion to withdraw, and conflict counsel was appointed the same day. On July 13th, the matter came before the court for trial. Conflict counsel was present, but he had never received the order appointing him. Jones’s new attorney requested the court to continue the trial to give him time to prepare. The court initially agreed. However, the State objected, arguing that the victim, who was Jones’s girlfriend, was a difficult witness, and it was unsure whether she would appear to testify on a later date. The court then asked Jones whether he would waive his right to a speedy trial, and Jones refused. In light of this refusal, the court denied the continuance. The trial was nevertheless postponed for a few days due to a clerk’s error.
On July 24, 2009, the day of trial, Jones’s attorney again moved for a continuance. He explained that he still had not received full discovery, nor had he been able to speak with the victim. The court inquired whether Jones would waive speedy trial, and again Jones refused. The court therefore denied the continuance. The court took a one-hour recess to allow Jones’s attorney to speak with the victim and then proceeded with the trial. The jury ultimately found Jones guilty of burglary of a dwelling with a battery and attempted false imprisonment. He was sentenced to life in prison.
“As a general rule, the denial of a motion for continuance is within the sound discretion of the trial court, and the action of the court will not be disturbed on appeal unless there is a clear showing that there has been a ‘palpable’ abuse of discretion to the disadvantage of the accused, or, unless the rights of the accused might have been jeopardized by the continuance determination.” Trocola v. State, 867 So.2d 1229, 1230-31 (Fla. 5th DCA 2004). In McKay v. State, 504 So.2d 1280 (Fla. 1st DCA 1986), the First District Court of Appeal identified seven criteria that should be considered in determining whether the denial of a motion for a continuance amounts to a palpable abuse of discretion. These criteria include: (1) the time actually available to counsel for trial preparation; (2) the likelihood of prejudice from the denial; (3) the defendant’s role in shortening preparation time; (4) the complexity of the case; (5) the availability of discovery; (6) the adequacy of counsel actually provided; and (7) the skill and experience of chosen counsel and his pre-retention experience with the defendant or the alleged crime. Id. at 1282; see also Trocola, 867 So.2d at 1231. While this court has recognized that the McKay factors are not exclusive, they provide a fair, reasonable, and sound basis for evaluating each case. Trocola, 867 So.2d at 1231.
A defendant’s speedy trial rights are also an important consideration in addressing a motion for a continuance. However, speedy trial was not an issue in this case. The first motion to continue was filed July 13th, which was the 110th day after Jones’s arrest. The speedy trial period would not have expired until September 11, 2009. After considering this fact, and the McKay factors, we conclude the trial court erred by denying the continuance. *924 Jones’s conflict counsel was an experienced lawyer, but he had no experience with Jones’s case. His first contact with Jones was the day trial was scheduled to begin, and he never even had an opportunity to interview or depose the victim, who was the State’s key witness. Clearly, Jones’s attorney had insufficient time and resources to prepare for trial. The fact that counsel was able to discuss the case with the victim for an hour before trial was no cure, especially when Jones faced a life sentence if convicted. See McKay, 504 So.2d at 1282 (criminal defendants are entitled to a preparation period sufficient to assure at least minimal quality of counsel).
In sum, under the circumstances of this case, it was a “palpable” abuse of discretion to deny the continuance. Jones is entitled to a new trial with adequately prepared counsel.
REVERSED and REMANDED for new trial.
EVANDER, J., concurs.
TORPY, J., concurs specially with opinion.