PER CURIAM.
James Edward Boffo (the defendant) appeals the trial court's order revoking his community control. Determining that the trial court abused its discretion in denying the defendant's motion to continue, we reverse and remand for a new evidentiary hearing.[1]
The defendant pled no contest to three crimes, including domestic battery by strangulation. The trial court sentenced him to five years in prison, suspended upon the successful completion of two years of community control. Approximately three months after sentencing, a community control officer filed an affidavit alleging that the defendant tested positive for cocaine in violation of a condition of supervision. Following the defendant's arrest for the violation, an assistant public defender was appointed to represent him. The week before the scheduled hearing, the assigned attorney met with the incarcerated defendant and apprised him that he would be leaving the country due to military service and would be unable to represent him at the evidentiary hearing.
The defendant's case was transferred to a different assistant public defender. On the day of the hearing, the newly assigned attorney requested a continuance, emphasizing that she was unprepared for the hearing, she had not spoken with her client about his defenses, and the client was uncomfortable with her representation. The court denied the motion to continue, remarking that any public defender could "stand in" to represent the defendant on what it considered to be an uncomplicated case.
At the onset of the hearing, defense counsel renewed her request for a continuance, stressing that a subpoenaed witness, *878 essential to the defense, was not present. She further noted that another defense witness had not been subpoenaed. The trial court announced that it must consider seven factors in ruling on the renewed motion. The court briefly went through a list of factors, focusing specifically on the simplicity of the case, the experience of the defense attorney, and the merits of the defense. The trial court then denied the renewed motion to continue, and the hearing proceeded. Ultimately, the trial court found that the defendant materially violated a condition of his community control and imposed a five-year prison sentence. This appeal timely followed.
As a general rule, the denial of a motion to continue is within the discretion of the trial court, and the ruling will not be disturbed on appeal unless there is a "palpable" abuse of discretion. See Brown v. State, 942 So. 2d 12, 14 (Fla. 1st DCA 2006) ; see also Smith v. State, 525 So. 2d 477, 479 (Fla. 1st DCA 1988).
"Criminal defendants are entitled to a preparation period sufficient to assure at least minimal quality of counsel." McKay v. State, 504 So. 2d 1280, 1282 (Fla. 1st DCA 1986). However, "th[is] right is not absolute but at some point must bend before countervailing interests involving effective administration of the courts." Id. Thus, when ruling on a motion to continue, the trial court must consider whether defense counsel has had reasonable time to investigate and prepare a defense while balancing the need for judicious court management. Id. To this end, the First District established seven factors in McKay [2] to be considered by trial courts in ruling on a motion to continue based on inadequate preparation time. See Madison v. State, 132 So. 3d 237, 242 (Fla. 1st DCA 2013). Appellate courts rely on these same factors in determining whether the trial court abused its discretion in denying such a motion. See Trocola v. State, 867 So. 2d 1229, 1231-32 (Fla. 5th DCA 2004) ; D.N. v. State, 855 So. 2d 258, 260 (Fla. 4th DCA 2003).
In this case, there is no indication that the trial court considered the McKay factors when it first denied the motion to continue. Moreover, although the trial court referenced the factors in rendering its decision as to the renewed motion, we conclude that it failed to give certain factors due consideration.
First, defense counsel had only recently been assigned to the case and was not afforded sufficient time to prepare or investigate. She stressed that she had been unable to speak with the defendant about his defenses. The preparation time was clearly inadequate under this particular set of circumstances, and she was forced to proceed to the evidentiary hearing having only just met the defendant. See Trocola, 867 So. 2d at 1231 ("The 'common thread' connecting cases finding a 'palpable' abuse of discretion in the denial of a continuance seems to be that defense counsel must be afforded a reasonable opportunity to investigate and prepare any applicable defenses."); see also Jones v. State, 58 So. 3d 922, 923-24 (Fla. 5th DCA 2011).
Second, the defendant did not play any role in reducing the preparation time. The defendant did not fire his original attorney. Rather, the attorney could not attend *879 the hearing due to military service, and the case was transferred to different counsel. See Trocola, 867 So. 2d at 1231.
Third, there was a great likelihood of prejudice by the denial of the continuance. Counsel stated, again due to her recent assignment to the case, that she had been unable to contact any defense witnesses, and at least one potential witness had not been subpoenaed. See D.N., 855 So. 2d at 260.
Therefore, given the facts of this case, we hold that the trial court abused its discretion in denying the defendant's motion to continue. Accordingly, we reverse the order finding a violation of community control as well as the judgment and sentence based on it, and we remand this case for a new evidentiary hearing before a different trial judge.
REVERSED AND REMANDED with instructions.
HARRIS and GROSSHANS, JJ., concur.
COHEN, J., concurs and concurs specially.
COHEN, J., concurs and concurs specially, with opinion.
I fully agree with the majority opinion that the trial court abused its discretion by requiring defense counsel, who had never met Boffo and who had recently acquired the case, to proceed at the violation hearing. I write to note other aspects of this case that are troubling.
On appeal, Boffo argues that the court found a violation of his community control based solely on hearsay. Over objection, the community control officer testified that Boffo presumptively tested positive for the presence of cocaine during a random drug screen performed within the probation office. Boffo denied using cocaine, and under those circumstances, protocol required sending the sample to a state-approved drug testing laboratory for a more scientifically reliable analysis. The office sent the sample to Alere Toxicology Services, and the laboratory generated a report indicating that Boffo tested positive for cocaine.
At the hearing, the following exchange occurred:
STATE: Is that the report that was provided to the Citrus County Probation Office from Alere Toxicology in this case?
OFFICER: Yes, sir.
STATE: And does it fairly and accurately-is it in the same or substantially same condition as when you received it-
OFFICER: Yes.
STATE: -back from the lab?
STATE: Judge, at this time I would seek to introduce State's Exhibit A into evidence as State's Exhibit 1.
COURT: Any objections or voir dire?
DEFENSE: Just the objection I made earlier.
While defense counsel previously objected to the admission of the community control officer's testimony regarding the results of the presumptive test, it is unclear how that objection applied to the introduction of the laboratory report. Thus, defense counsel's second objection failed to preserve any objection to the laboratory report.[3]
Boffo did not contest that the laboratory report indicated the presence of cocaine in his system; instead, his defense was that *880 someone put cocaine in his drink. Thus, Boffo essentially claimed that the violation was not willful.
The record reflects that the court believed the case to be clear-cut. What followed though was a series of inappropriate comments by the court. When the case was called back for the hearing after a brief delay, the court commented, "We've got witnesses here. We're all here for the-for the show."
After the State rested, Boffo again complained about being represented by a lawyer he had met that day. The court then conducted what appears to have been a Nelson [4] inquiry and stated, "[T]his wandering, rambling dissertation about how this cocaine could have somehow wound up in your-in your food is-is-it's laughable. It's sadly laughable."
The court dismissed Boffo's complaints about his lawyer and subsequently asked whether Boffo wished to testify, "[a]s opposed to just gripe about not having the attorney who's serving the military sitting there next to you?"[5] Predictably, Boffo declined to testify.
Boffo then raised an issue regarding the failure to have a competency exam and requested a " Boykin [6] inquiry." The court responded:
You might want to check on things like Miranda, Escobedo, maybe-you've already talked about maybe Spenkelink, maybe Hildwin and other cases if you're just throwing out names. I don't know where you're getting your legal advice, pal, but it's embarrassing. There's no good cause to show why I should not render judgment.
Without asking whether either side wished to make a closing argument, the court found Boffo in violation of his community control and sentenced him to five years in the Department of Corrections. The court also failed to give Boffo an opportunity to argue potential mitigation.[7]
I recognize the stresses trial courts face. I also understand that there are defenses proffered which strain the limits of credulity, and defendants who test trial courts' patience. However, as our reversal reflects, Boffo had a legitimate issue with proceeding at the hearing with a lawyer he had never spoken to or met. The court should have treated Boffo with respect rather than ridicule. As our code of judicial conduct provides, "A judge shall be patient, dignified, and courteous to litigants ...." See Fla. Code Jud. Conduct, Canon 3B(4). While the court was entitled to reject Boffo's proffered defense, it arguably failed to conduct itself in accordance with the judicial code when it demeaned Boffo *881 and rejected his defense before it had been formally presented.

Because we reverse on this ground and remand for a new hearing, we need not reach the merits of the other issues raised in this appeal.

The factors established in McKay include the following: 1) The time actually available for preparation; 2) The likelihood of prejudice from the denial; 3) The defendant's role in shortening preparation time; 4) The complexity of the case; 5) The availability of discovery; 6) The adequacy of counsel actually provided; and 7) The skill and experience of chosen counsel and his pre-retention experience with the defendant or the alleged crime. See McKay, 504 So. 2d at 1282.

Laboratory reports are admissible hearsay at violation hearings, but hearsay alone cannot be the basis to revoke community control; rather, non-hearsay evidence must support the hearsay evidence. E.g., State v. Queior, 191 So. 3d 388, 390 (Fla. 2016).

Nelson v. State, 274 So. 2d 256 (Fla. 4th DCA 1973) (providing inquiry courts should make when a defendant requests discharging court-appointed counsel). However, the court's inquiry reads more like a Faretta inquiry, which has a different objective. See Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (providing inquiry courts should make when a defendant requests proceeding pro se). While the court's purported Nelson inquiry was inadequate, defense counsel, once again, failed to preserve this issue with an objection.

As the majority noted, Boffo's first court-appointed lawyer was called up for military service immediately before Boffo's case was set for a hearing.

Presumably Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) (providing inquiry courts should make into the circumstances surrounding a plea).

See Fla. R. Crim. P. 3.720(b). While there was no opportunity to object before the court imposed the sentence, defense counsel should have done so at the earliest possible occasion. However, because defense counsel once again failed to object, this issue is not preserved for appeal.