SCHOONOVER, Judge.
Paula Johnson appeals her conviction of violating the Racketeer Influenced and Corrupt Organization Act (RICO), section 943.-462(3), Florida Statutes (1979). The appellant contends that the trial court erred by requiring her to proceed to trial immediately after the state was allowed to file a second amended information against her. We agree with her contention and reverse.
On December 21,1981, the appellee, State of Florida, filed an information charging the appellant with violating the RICO statute between August 1,1981, and September 30,1981. On April 6,1982, two days before the trial was scheduled to commence, an order was entered granting the state’s motion to file an amended information. The amended information alleged that the offense was committed between October 1, 1980, and September 30, 1981. On the morning of trial, over the appellant’s objection, the state was allowed to file a second amended information and an amended statement of particulars. These instruments alleged that the offense was committed between October 1,1980, and October 1, 1981.
*344 After granting the state’s motion to amend, the trial court stated that a new trial date would be set later. However, when informed that any delay would violate the speedy trial rule, the court, over the appellant’s objection, ordered the parties to proceed to trial immediately. The appellant was found guilty, and this appeal timely followed.
The amendments were, under the circumstances of this case, changes of substance and not form, and had the effect of prejudicing the appellant’s right to a fair trial. Turner v. State, 376 So.2d 429 (Fla. 1st DCA 1979). Once the new information was filed, the appellant was entitled to receive a copy of the information at least twenty-four hours before being required to plead to it. Fla.R.Crim.P. 3.140(m). She was also entitled to have additional time to prepare her defense. State v. Stell, 407 So.2d 642 (Fla. 4th DCA 1981).
While the modern trend in both criminal and civil proceedings is to excuse technical defects which have no. bearing upon the substantial rights of the parties, the court is still required to determine if the accused is prejudiced by the state’s action. Lackos v. State, 339 So.2d 217 (Fla. 1976). If the record discloses that noncompliance with a rule of procedure results in prejudice to an accused, the conviction must be reversed. Hoffman v. State, 397 So.2d 288 (Fla.1981).
In the case sub judiee, the two amendments expanded the period of time in which the offense was allegedly committed from a period of sixty days to more than one year. Without the last amendment, the state admittedly could not prove the two offenses necessary to show that the appellant participated in the affairs of an enterprise through a pattern of racketeering activity. Beatty v. State, 418 So.2d 271 (Fla. 2d DCA 1982). The second of these offenses was allegedly committed on October 1, 1981, and the state admitted to the trial court that the amendment was crucial to the case. Furthermore, at oral argument on this appeal, the assistant attorney general agreed the requested amendment was one of substance.
Therefore, because the amendments were changes of substance, and not form, we cannot on this record find that the appellant was not prejudiced by being required to immediately proceed to trial. The trial court’s error cannot be deemed harmless because of the existing potential for surprise and possible denial of a fair trial to the appellant. Hoffman v. State; Lackos v. State; Turner v. State; Pedone v. State, 341 So.2d 532 (Fla. 3d DCA 1977).
We accordingly reverse and remand for a new trial.
SCHEB, A.C.J., and RYDER, J., concur.