PETERSON, Judge.
David Ford and Danh Van Nguyen were originally charged with attempted arson of a dwelling. Ford was additionally charged with aggravated assault with a deadly weapon by threatening to do violence against the victim with gasoline and a lighter.[1] Two days before docket sounding the state amended the information to charge the pair with attempted arson of a dwelling (a rooming house), and three counts of attempted first degree murder with a weapon (gasoline). The two defendants allegedly doused the floor of the rooming house with a sufficient amount of gasoline to create a potentially extreme and explosive situation neutralized only by chemicals applied by firefighters responding to a 911 call.
When Ford and Nguyen appeared at docket sounding they announced they were ready to proceed with trial on the original charges. They also asked for a statement of particulars as to the new charges, moved to strike the amended information as untimely, and alternatively asked for a continuance to be charged to the state. The trial court inquired about the late filing of the amended information and was informed by the state that the amendment was made after the fire marshal alerted the state to the tremendously explosive nature of the large volume of gasoline that was poured on the boarding house floor.
The state asserted that the case was a simple one with few witnesses including an expert witness and announced that it was prepared for trial on the following Monday. The trial court expressed concern about the defendants’ lack of opportunity to plan a defense to the more serious charges, and the interference with control of its docket by last minute filings. The court refused to accept the amended information because it was untimely, and because no formal defect existed as contemplated by Rule 3.140(j), Florida Rules of Criminal Procedure, which allows amendments when “formal” defects exist. The court struck the amended information, reinstated the original information and stayed the proceedings for a reasonable time to allow the state to file this appeal. We reverse.
Rule 3.140(j) provides:
An information on which the defendant is to be tried that charges an offense may be *510 amended on the motion of the prosecuting attorney or defendant any time prior to trial because of formal defects.
In State v. Stell, 407 So.2d 642 (Fla. 4th DCA 1981), the court explained that the rule allows the curing of a formal defect without the necessity of signing a new information, swearing to it, and refiling it. It further explained that the rule does not circumscribe the state’s power to file a new and separate information. The court then reversed the trial court’s order which held that the amended information, which added a charge, was a nullity because it was filed without leave of court. See also State v. Conte, 516 So.2d 1115 (Fla. 2d DCA 1987), rev. denied, 525 So.2d 877 (Fla.1988) (dismissal, based on late filing of amended information improper where defendant made no showing of prejudice); State v. Belton, 468 So.2d 495 (Fla. 5th DCA 1985) (with certain limitations state has right to amend an information without leave of court). Cf. Oliver v. State, 569 So.2d 1332 (Fla. 1st DCA 1990) (filing amended information on eve of trial that named both defendant and codefendant was not permissible means of effecting consolidation after court indicated motion to consolidate would have been untimely).
Ford and Nguyen argue that the court’s action was proper because they were prejudiced by the prosecutor’s delay in filing the new charges. The defendants alleged prejudice in that (1) they have not interviewed witnesses nor sought evidence to defend against the more serious charges; (2) them theories for defense against attempted arson are not the same as theories they would use with respect to the more serious charges; (3) witnesses are no longer available; and (4) because law enforcement officials did not investigate the case as thoroughly as they would have if attempted murder had been charged initially, potential witnesses and evidence are lost. The defendants cite Scott v. State, 581 So.2d 887 (Fla.1991), to support their contention of prejudice. Scott holds that a defendant must show actual prejudice from the delay in filing charges after which the burden shifts to the state to show justifiable and adequate reasons for the delay. Id. at 889. A court must then balance the government’s need for an investigative delay against the prejudice asserted by the defendants. Id.
In Scott, the supreme court held that a seven year delay in filing murder charges prejudiced Scott because he was unable to corroborate an alibi originally verified by investigators; witness statements were missing; witness polygraph tests were no longer available; a police report and an evidence technician report were lost; and a witness died. In the instant case, unlike Scott, no specific evidence is alleged to be missing or tainted by the passage of three months' — as compared to seven years in Scott. Here, the defendants have made only general allegations of prejudice. Rogers v. State, 511 So.2d 526 (Fla.1987), cert. denied, 484 U.S. 1020, 108 S.Ct. 733, 98 L.Ed.2d 681 (1988), rev’d., 630 So.2d 513 (Fla.1993), is a more appropriate authority. In Rogers, the defendant contended that a year’s delay resulted in faded memories and the disappearance of two alibi witnesses. Id. at 531. The court rejected the contention of prejudice as mere speculation unsupported by any substantial evidence. Similarly, in the instant case, the contention of prejudice is mere speculation unsupported by any evidence.
The defendants also contend that the striking of the amended information should be affirmed because the amended information forces them to choose between their speedy trial right and their right to a reasonable time to prepare their cases. However, dismissal of an information is an extreme sanction and should not be used where the trial court can continue the case within speedy trial limits. State v. Theriault, 590 So.2d 993 (Fla. 5th DCA 1991).
Accordingly, the trial court’s order striking the second amended information is quashed and the cause is remanded for further proceedings based upon the amended information.
ORDER QUASHED; REMANDED.
DIAMANTIS, J., concurs.
GRIFFIN, J., dissents without opinion.

. Ford allegedly threw gasoline on the victim, chased after him, and, after catching up with him, unsuccessfully attempted to ignite the gasoline.