STONE, J.
We reverse Appellant’s convictions and remand for his discharge due to the state’s failure to bring him to trial within the time allotted under rule 3.191, Florida Rules of Criminal Procedure.
Appellant was arrested on January 13, 1998. On February 2, 1998, the state charged him with one count of sexual battery on a child occurring on or between June 1981 and December 1987. In March, the state filed an amended information charging one count of sexual battery on a child occurring on one or more occasions between June 1981 and December 1987. By way of a statement of particulars, the state alleged seven or more incidents of sexual assault during that six year period.
Appellant filed a motion to dismiss, arguing that the state not be permitted to combine several types of sexual assault spanning a six year period into one charge. On April 17, 1998, the state filed a second amended information charging two counts of sexual battery. Appellant again moved to dismiss and, on July 1, 1998, the state *101 filed an amended statement of particulars. The case was set for trial on July 6, 1998. On that date, the court granted Appellant’s motion to dismiss with leave for the state to file an amended information.
At the hearing on Appellant’s motion to dismiss the second amended information, the court asked the prosecutor whether she would be able to file an amended information so that the trial could proceed on that day, July 6th. The sole reason for the amendment was to narrow the time period. The state represented to the court that the defense would probably not be ready for trial, at which point defense counsel responded:
No, I’m going to object. I’m going to also, I may want to file a motion to dismiss based on whatever they file. I mean, again, I think I’m entitled to have a copy of the amended information at least 24 hours before I’m even required to plead to it. So, obviously, the rules give me that period of time to decide, and then I may need, I’d like to see what it looks like. I may have further motions to dismiss based on it. I haven’t seen anything yet.
When asked by the court whether this has anything to do with speedy trial, defense counsel said:
It’s, that’s a problem that the State has created by not filing a proper information within the speedy trial period. I don’t know what effect it’s going to have on it, Judge, until the final amended information, I get to see that. But I’m certainly not waiving speedy trial, and this is not a delay that’s attributable to the defense. I’m entitled to certain time periods under the rules.
After reviewing the rule concerning pleadings and times for response, the court stated, “I just don’t see there’s any prejudice, because the State is narrowing the time rather than expanding it, and it’s, it’s certainly no surprise at this time period.” Defense counsel argued that the theory of defense was based on the running of the statute of limitations and all of the alleged incidents occurred outside that time limit. Ruling that the defect was merely a formal one, and there was no surprise or prejudice to the defense, the court ordered the state to “just type up an information real quick” so that they could proceed to trial.
After a recess, rather than return with a third amended information, the prosecutor elected to file a new, three-count information. The new charges had a different case number, and charged one count of sexual battery on a child which occurred on one or more occasions on or between June 1981 and September 30, 1984, one count of sexual battery on a child on one or more occasions on or between October 1, 1984 and April 13, 1987, and one count of sexual battery on a child occurring on one or more occasions on or between 1986 and April 13,1987.
The court expressed surprise at the state’s decision to file a new case, saying:
We had a first amended complaint [which] was not a new case number, now we have a third and suddenly it’s a new case number. I don’t think you need to do it, but, so, you could just (inaudible) the case number.
The prosecutor replied,
Judge, the reason [we] have a new case number is because you used the word dismissed in your ruling and in — if you had dismiss [sic] a case we have to start all over again.
The court answered, “[w]ell, it was dismissed with leave to amend.” The prosecutor told the court that they filed a new information because they “didn’t want to take a chance.” The court asked, “Okay. So we have a new speedy trial time, too, and everything?”, to which the defense counsel answered:
Well, Judge, I think the appellate court’s going to have to figure that out, but this definitely is a substantive change. We’re now in a new case, new case number, and looking at this information, the charges are, I don’t even know how *102 these new charges relate to the statement of particulars that was filed.
The defense made an oral motion to dismiss. The court concluded that the change was more than a simple formality, and decided that the case could not be tried as scheduled. The court also instructed Appellant to report to the jail to be booked on the new charges. The prosecutor then addressed the court as follows:
Judge, to answer your earlier question about speedy trial ... the same speedy trial period applies because we are under the same transaction. So speedy still expires tomorrow, and I assume the defense, of course, is going to waive speedy by asking for a continuance. The State is not asking for one, ... we’re prepared to go forward, and certainly the defense is allowed a waiver and we have no problem with that.
The defense attorney responded, “I’m not waiving anything.” At that time, the following occurred:
THE COURT: All right. Well, I’m, I’m not charging this to the State, and I’m ruling that the, it’s going to be, the continuance is going to be at the requs-ince it was—
[DEFENSE COUNSEL]: Judge, I’m not asking for a continuance — .
[[Image here]]
[DEFENSE COUNSEL]: I’m asking for time to respond to a new file information. I am not requesting this case be continued. I’m asking for time to file those motions that I’m allowed under the rule to do.
[[Image here]]
THE COURT: All right. I used the wrong word but I know the defense didn’t require a continuance, but I am ruling that the, the inability to try the case is because of the motions filed by the defendant, and they’re not, they don’t want to go to trial today. I’m perfectly willing to go to trial, so I’m going to give the, extend the speedy trial sixty days from today, and charge that to the defense, not to the State.
The record is clear that at no time did Appellant seek a continuance. Defense counsel asked only for time to review the new information.
On July 8, Appellant filed a notice of expiration of time for speedy trial as well as a motion to dismiss. At a hearing on July 10, 1998, the court considered the speedy trial issue. Defense counsel advised the court that 175 days had passed and that they were in the first day of the recapture period. The state disagreed that a trial within the fifteen-day period was necessary based on the court’s prior decision to extend the speedy trial period. The court agreed and set a trial date for six weeks later.
Subsection (i) of rule 3.191 provides that, under certain exceptional circumstances, the court may extend the speedy trial period; however, none of those circumstances appears to be applicable here. Certainly a defendant is not entitled to discharge for expiration of the time provided under the rule where the failure to hold trial is attributable to the defense. Fla. R.Crim. P. 3.191(j). Here, however, the defense had not sought a continuance, but only the opportunity to review and respond to the state’s new information.[1]
Although the state argues that the defense was not entitled to seek a single day to review the new charge, claiming it was not a substantive change, even the trial court disagreed, as evidenced by the court’s conclusion that the case could not proceed on that day.
In Tucker v. State, 357 So.2d 719 (Fla. 1978), the court rejected the state’s argu *103 ment that any delay in the proceedings should be attributed to the defendant for filing a motion to dismiss, stating the following:
We reject the notion that criminal defendants are to be penalized for moving to dismiss an indictment, and certainly not where the motion is sufficiently well-taken to elicit a favorable ruling from the trial court. The position urged by the state (and mentioned suggestively by the Second District) would place an accused on the horns of a dilemma by requiring him to jeopardize his speedy trial rights in order to challenge the state’s right to prosecute. The right to test the legality of the state’s procedure and the right to a speedy trial are independently guaranteed, and we cannot accept a construction of our rules that would force a defendant to risk one to obtain the other. Carroll v. State, 251 So.2d 866, 870 (Fla.1971). Cf. State ex rel. Johnson v. Edwards, 233 So.2d 393 (Fla.1970).
Id. at 721, n. 7. The state suggests that pre-1980 opinions, such as Tucker, are no longer applicable, due to subsequent modification of the speedy trial rule; however, we can discern no basis for such a conclusion. We note that in State v. Frank, 573 So.2d 1070 (Fla. 4th DCA 1991), this court cited Tucker and the language in footnote seven in affirming the lower court’s grant of a discharge for violation of the speedy trial rule. Id. at 1071.
Rule 3.140(m), Florida Rules of Criminal Procedure, states that an accused shall be furnished a copy of the information and be allowed at least 24 hours to plead to same. In Johnson v. State, 439 So.2d 342 (Fla. 2d DCA 1983), the state made a substantive amendment to the charge on the morning of trial. The court interpreted rule 3.140(m)to mean that, despite the running of the speedy trial time, the defendant was entitled to not only 24 hours to plead to the amended information, but even additional time to prepare her defense. Id. at 344 (citing State v. Stell, 407 So.2d 642 (Fla. 4th DCA 1981)).
Here, there was ample time remaining within the recapture period allotted under the rule to bring Appellant to trial, provided the state could properly charge him. Certainly, Appellant was entitled to an opportunity to review the new charges before deciding whether to again move to dismiss. Under these circumstances, the trial court lacked discretion to continue the trial beyond the speedy trial period.
POLEN and STEVENSON, JJ., concur.

. We note also that the court did grant the motion to dismiss, and the state has not appealed the propriety of that ruling.