SALCINES, Judge.
M.D.B. appeals an order revoking juvenile probation, adjudicating him delinquent, and committing him to a moderate risk residential treatment facility with the Department of Juvenile Justice. Because we find the juvenile court abused its discretion in denying counsel’s motion for continuance and erred in failing to follow the proper procedure for appointment of counsel, we reverse and remand for a new probation revocation hearing.
M.D.B. was before the court for a pread-judicatory hearing in two juvenile cases. Without prior notice, the juvenile court added an arraignment to the docket on an unrelated allegation concerning M.D.B.’s violation of juvenile probation. That probation revocation matter is the subject of the present appeal.
Jonathan Saunders, an assistant public defender in the courtroom at the time of the preadjudicatory hearing conference, reminded the court that his office did not represent M.D.B. The previous day the court had granted the public defender’s motion to withdraw due to conflict. The court had appointed Lane Lastinger, a pri *592 vate attorney, to represent M.D.B. in the present case and several of M.D.B.’s other pending juvenile delinquency cases. The motion to withdraw had been granted on the public defender’s allegation that it had an ethical conflict.
At the preadjudicatory hearing the court inquired of Attorney Saunders concerning the ethical conflict of the public defender’s office. The inquiry was extremely abbreviated. The court merely asked, “Is [M.D.B.] okay with your representing him?” Attorney Saunders responded that he had spoken to the juvenile that morning but not about the conflict. There is no record evidence that M.D.B. was aware that Attorney Lastinger had been appointed to represent him. The court then conducted the following inquiry into the issue of M.D.B.’s waiver of conflict-free counsel prior to the arraignment on the probation violation:
COURT: Yesterday [I.F., a codefendant in several cases with M.D.B.] entered a plea. He didn’t have to go to trial or anything. Do you have any problems with Mr. Saunders representing you?
M.D.B.: No, ma’am.
COURT: You don’t have any problems?
M.D.B.: No, ma’am.
COURT: Because he had talked with your codefendant.
The only other statement made by M.D.B. in open court during the entire proceeding was in the afternoon when he waived his right to testify.
Thereafter, Attorney Saunders denied the probation violation on behalf of M.D.B. When he was told the revocation hearing was scheduled for the afternoon docket he made an oral motion for continuance based on the fact that he would not have time to prepare. The court denied the oral motion.
Prior to the afternoon probation revocation hearing, Attorney Saunders filed a written motion for continuance alleging that he had been given inadequate notice and opportunity to be heard, that counsel was unable to effectively confer with the juvenile, and that further time was needed for investigation in order for counsel to be effective. This second motion was also denied.
A court’s ruling on a motion for continuance is within the court’s sound discretion. An appellate court should not reverse the denial of a motion for continuance unless there has been a palpable abuse of judicial discretion that clearly and affirmatively appears in the record. See D.N. v. State, 855 So.2d 258, 260 (Fla. 4th DCA 2003). In the present case it is quite evident that the juvenile court abused its discretion when it denied the two motions for continuance because the public defender did not have the opportunity to prepare for the probation revocation hearing.
More troubling, however, was the court’s failure to follow the proper procedure for appointment of counsel. The public defender’s motion to withdraw for conflict had been granted and an alternate counsel had been appointed to represent M.D.B. the previous day. The record does not contain an order releasing the private attorney from representing M.D.B.
A cursory review of the court’s inquiry concerning whether the conflict continued or was waived makes it evident that the juvenile court’s inquiry on both accounts was woefully inadequate. The record does not contain an order reappointing the public defender in this matter. Clearly it was error for the juvenile court to require the public defender to represent M.D.B. without discharging private counsel and reappointing the Office of the Public Defender.
Accordingly, we reverse the order of adjudication and commitment and remand with directions to vacate the order and to *593 conduct a new revocation of juvenile probation hearing in the present case. We note that on remand, if M.D.B. again is found to be in violation of his juvenile probation, the disposition order must address his entitlement to credit for time served.[1]
Reversed and remanded.
STRINGER, J., Concurs.
ISOM, CLAUDIA R., Associate Judge, Concurs with opinion.

. When a juvenile receives a determinate sentence not to exceed the statutory maximum for such an offense, he or she is entitled to credit for "time served” in the juvenile detention center for the offense. See J.I.S. v. State, 930 So.2d 587 (Fla.2006).