DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

JEFFREY SANTIAGO,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2023-1150

_____

October 16, 2024

Appeal from the Circuit Court for Pinellas County; Philip J. Federico, Judge.

Howard L. Dimmig, II, Public Defender, and Andrea M. Norgard, Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Cynthia Richards, Assistant Attorney General, Tampa, for Appellee.

SMITH, Judge.

Appellant Jeffrey Santiago challenges his judgment and sentences following a conviction on charges of aggravated battery and witness tampering. Because the trial court erred in denying Mr. Santiago's request for a continuance following the State's amendment to the information to add a new witness tampering charge five days before trial,

we reverse and remand for a new trial on the witness tampering charge. We affirm his judgment and sentence for the aggravated battery conviction without comment.

On February 10, 2021, Mr. Santiago was charged by information with aggravated battery. According to an arrest report, on December 26, 2020, Cary Martinez, the victim and Mr. Santiago's girlfriend, informed an officer that, after an argument over Mr. Santiago's permission to use Ms. Martinez's vehicle, Mr. Santiago threw Ms. Martinez on the ground, placed his knee on her neck, and covered her nose and mouth with his hand. She reported that he then punched her in the face, causing one tooth to fall out and another to loosen. On the 911 call played at trial, Ms. Martinez told the dispatcher that Mr. Santiago had knocked her tooth out and was taking her truck.

However, Ms. Martinez later submitted affidavits, statements, and waivers of prosecution recanting her statements to law enforcement, claiming that she had fabricated her allegations against Mr. Santiago because she was mad at him and that her tooth had been loosened in a car accident and had fallen out on its own when she yelled at Mr. Santiago.

Despite a no-contact order between Mr. Santiago and Ms. Martinez, during the roughly two years while Mr. Santiago was awaiting trial, he contacted Ms. Martinez by phone more than 4,400 times. In one of these phone calls, from as early as February 15, 2021, Mr. Santiago told Ms. Martinez that the State had no case against him if she refused to testify. Ms. Martinez asked, "If they have pictures, then what?" and Mr. Santiago replied, "If they have pictures . . . you say: Look, man, the day before, I got into a car accident." He also told her that if the State had pictures of

her injuries, she could write a statement saying everything she had previously told law enforcement was a lie.

Based on these phone calls, on March 3, 2023—five days before trial—the State filed a second amended information adding the new charge of witness tampering. On the day of trial, Mr. Santiago's counsel requested a continuance due to the short notice of the new charge, seeking to take additional depositions of Ms. Martinez, Mr. Santiago's mother, and the jail staff who recorded the calls. He requested to

> further retrench given the new charge, the new count that's obviously more serious than the underlying count. [Mr. Santiago] would ask that I be able to take a more thorough investigation of that case to more properly prepare for trial. I think that's a reasonable request on his part. So this morning I'm asking to continue.

The trial court asked Mr. Santiago's counsel what specifically would be different about the facts of the case a few months later, and counsel stated he could not say until he conducted additional investigation. The trial court responded that the tampering charges arose because Mr. Santiago had repeatedly violated the no-contact order and that a continuance would only grant Mr. Santiago the opportunity to continue violating the order and stack up more witness tampering charges, noting that the facts would remain the same months from now. The trial court further pointed out that the State had flown a police officer from North Carolina to testify that day based on Mr. Santiago's earlier insistence of a speedy trial. And for those reasons the trial court denied the motion for continuance.

The jail phone calls were ultimately played for the jury after being authenticated by an employee of the State Attorney's office who retrieves and makes copies of Pinellas County Jail phone calls. Ms. Martinez also testified at trial, reiterating the recantation of her allegations against Mr.

3

Santiago and stating that her injuries, which had been observed and photographed by responding law enforcement, had resulted from a car accident days before she called 911. The responding officer testified that Ms. Martinez had told her that Mr. Santiago had placed a knee on her neck and punched her in the face. The officer also stated that she had observed that Ms. Martinez had blood on her mouth and shirt, had swollen lips, and had redness on her throat. Mr. Santiago testified on his own behalf, also stating that Ms. Martinez's injuries had been caused by a car accident days before she called 911. He stated that his mother had been listening in on the jail calls and that he had not been instructing Ms. Martinez on how to recant her claims against him but rather had been explaining the process of his case to his mother.

The jury found Mr. Santiago guilty as charged, and he was sentenced to concurrent thirty-year sentences for both counts, with a fifteen-year mandatory minimum as a prison releasee reoffender on count one.

Mr. Santiago argues that the trial court abused its discretion in denying his motion to continue trial after the State filed the second amended information, five days before trial, adding the new charge of witness tampering, a first-degree felony, which covered a two-year period and 4,400 phone calls.

"The denial of a motion for continuance is within the sound discretion of the trial court, and the trial court's ruling will not be disturbed unless a palpable abuse of discretion is shown." *Chavez v. State*, 48 So. 3d 1022, 1024 (Fla. 2d DCA 2010) (citing *M.D.B. v. State*, 952 So. 2d 590, 592 (Fla. 2d DCA 2007)). "In a criminal case, however, the defendant and his or her counsel are entitled to a reasonable time to prepare for trial." *Id.* (first citing *Browne v. State*, 102 So. 546, 546-47

4

(Fla. 1924); and then citing *Langon v. State*, 791 So. 2d 1105, 1113 (Fla. 4th DCA 1999)). "The common thread running through those cases in which a palpable abuse of discretion has been found[] is that defense counsel must be afforded an adequate opportunity to investigate and prepare any applicable defense." *Smith v. State*, 525 So. 2d 477, 479 (Fla. 1st DCA 1988) (first citing *Loren v. State*, 518 So. 2d 342, 346 (Fla. 1st DCA 1987); and then citing *Brown v. State*, 426 So. 2d 76, 80 (Fla. 1st DCA 1983)).

We consider the factors set forth in *Baron v. Baron*, 941 So. 2d 1233, 1235-36 (Fla. 2d DCA 2006), and *McKay v. State*, 504 So. 2d 1280, 1282 (Fla. 1st DCA 1986). *See Turner v. State*, 311 So. 3d 185, 189 (Fla. 2d DCA 2020). In *Baron*, we held that the following factors are to be reviewed in determining whether a trial court abused its discretion in denying a motion for continuance:

> 1) whether the movant suffers injustice from the denial of the motion; 2) whether the underlying cause for the motion was unforeseen by the movant and whether the motion is based on dilatory tactics; and 3) whether prejudice and injustice will befall the opposing party if the motion is granted.

941 So. 2d at 1235-36 (quoting *Myers v. Siegel*, 920 So. 2d 1241, 1242 (Fla. 5th DCA 2006)). And where the motion also raises insufficient time to prepare, we held in *Turner* that the additional factors in *McKay*, 504 So. 2d at 1282, should be considered. Specifically, *McKay* requires that in ruling on a request for continuance from recently retained counsel, a trial court should consider:

> 1) the time available for preparation, 2) the likelihood of prejudice from the denial, 3) the defendant's role in shortening preparation time, 4) the complexity of the case, 5) the availability of discovery, 6) the adequacy of counsel actually provided[,] and 7) the skill and experience of chosen

5

counsel and his pre-retention experience with either the defendant or the alleged crime.

504 So. 2d at 1282 (citing *United States v. Uptain*, 531 F.2d 1281, 1286-87 (5th Cir. 1976)). The State relies on *McKay* to argue that Mr. Santiago was not prejudiced by the amended information because he retained his trial counsel almost three months before the trial began. But *McKay* addresses only part of our analysis here—the adequateness of time for Mr. Santiago's counsel to prepare. The issue in *McKay* centered on whether Mr. McKay was deprived of his right to counsel of his choice under the Sixth Amendment. 504 So. 2d at 1282. Mr. McKay's private counsel, who was retained on the Friday before trial was to begin on Monday, requested a continuance on the morning of trial to allow for time to prepare for trial, which the trial court denied. *Id.* at 1281. Instead, the trial court allowed his private counsel to serve as cocounsel to Mr. McKay's public defender. *Id.* There is no discussion in *McKay* regarding new charges or the filing of an amended information. Here, Mr. Santiago clearly stated his grounds for the continuance based upon the newly filed charges on the eve of trial, in addition to the need to further investigate and prepare for trial.

Florida Rule of Criminal Procedure 3.140(j) allows an amendment of the information any time prior to trial "because of formal defects." *See also State v. Burgess*, 153 So. 3d 286, 289 (Fla. 2d DCA 2014) ("It is well-settled that the state may amend its information pre-trial or even during trial, either as to substantive or non-substantive matters, unless the defendant is prejudiced thereby." (quoting *State v. Clifton*, 905 So. 2d 172, 178 (Fla. 5th DCA 2005))). The filing of a new charge does not constitute a "formal defect" under rule 3.410. *Cf. Snipes v. State*, 733 So. 2d 1000, 1005 (Fla. 1999) (holding that the misspelling of a victim's name was a formal defect that did not prejudice the defendant); *State v.*

6

*Emanuel,* 153 So. 2d 839, 843 (Fla. 2d DCA 1963) (stating that the information contained defect where the name of the owner of a building broken into was not accurate). And the "rule does not circumscribe the [S]tate's power to file a new and separate information." *State v. Ford,* 641 So. 2d 508, 510 (Fla. 5th DCA 1994). However, "[t]here is a significant difference . . . between amending a charged offense and the filing of a new and entirely different offense." *Green v. State,* 728 So. 2d 779, 781 (Fla. 4th DCA 1999). A defendant is prejudiced by the filing of an amended information where the amendment adds "a completely new substantive offense with completely different elements of proof immediately before trial [begins], without giving defense counsel an opportunity to investigate and prepare any applicable defense." *Davis v. State,* 313 So. 3d 835, 837 (Fla. 2d DCA 2021)*; see also Turner,* 311 So. 3d at 190-91 (holding that the trial court abused its discretion in denying the defendant's request for continuance after the State filed an amended information six days before trial adding a burglary count to the original charge of attempted lewd or lascivious molestation, stating that "the likelihood of prejudice to [the defendant] was substantial, given that the burglary with assault or battery charge required proof of different elements and exposed him to a" higher sentence, resulting in a violation of due process rights); *Peevey v. State,* 820 So. 2d 422, 424 (Fla. 4th DCA 2002) (reversing the denial of a continuance where the State filed an amended information the morning of trial adding a count of aggravated assault to the original charge of aggravated assault on a different victim, stating that "the nature of the defense was significantly altered by the amendment, and the amended information charged the [d]efendant with an entirely new offense").

In this case, the amended information added the new charge of witness tampering, an entirely different offense from the original charge of aggravated battery. The new charge was based upon 4,400 phone calls between Mr. Santiago and Ms. Martinez spanning the two years that Mr. Santiago was in jail awaiting trial—the first phone call on February 15, 2021, occurring five days after the first information was filed and over two years before trial. Yet for reasons not apparent from the record, the State did not file the amended information until Friday, March 3, 2023, before the trial was to begin the following Wednesday. Not only did the new charge carry a more severe penalty, but five days did not allow Mr. Santiago's counsel an adequate opportunity to investigate this new charge consisting of 4,400 phone calls or develop any defense against the new charge, and thus, it follows that the likelihood of prejudice to Mr. Santiago was substantial. Accordingly, the trial court abused its discretion in denying the continuance request based upon the new charge. *See, e.g.*, *Johnson v. State*, 439 So. 2d 342, 343-44 (Fla. 2d DCA 1983) (holding that the defendant was prejudiced by the State's filing of two amendments of information, which expanded the period of time in which the offense was allegedly committed, two days before trial, reasoning that the defendant was "entitled to have additional time to prepare her defense"); *Shepherd v. State*, 108 So. 2d 494, 496 (Fla. 1st DCA 1959) (holding that the trial court abused its discretion in denying the defendant's motion for continuance after the State materially amended the information two days before trial, as "the short interval of time ensuing between the amendment and trial date made it impossible for defendant to adequately prepare his defense and secure by subpoena the presence of witnesses whose testimony would be necessary to support his defense against the amended charge").

8

We therefore reverse the denial of the motion for continuance, vacate Mr. Santiago's conviction and sentence for the witness tampering charge, and remand for a new trial on the witness tampering charge. *See Davis*, 313 So. 3d at 837. Regarding his remaining conviction, Mr. Santiago is also entitled on remand to resentencing based upon a corrected scoresheet of his conviction. *See Turner*, 311 So. 3d at 191.

Affirmed in part; reversed in part; remanded.

SLEET, C.J., Concurs.
ATKINSON, J., Concurs in result only.

———————————————

Opinion subject to revision prior to official publication.