965 So.2d 194 (2007)
Lorenza SESSIONS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-2480.
District Court of Appeal of Florida, Fourth District.
August 29, 2007.
Rehearing Denied October 25, 2007.
Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, Richard Valuntas and Katherine Y. *195 McIntire, Assistant Attorneys General, West Palm Beach, for appellee.
POLEN, J.
Appellant Lorenza Sessions appeals a final judgment and conviction for attempted first degree murder. Following a day of drinking and partying, Sessions assaulted his girlfriend after becoming suspicious that she was cheating on him. Sessions and his girlfriend had a prior altercation the same day at a party they both attended and Sessions left the party. The second assault, which was much more serious, occurred when the girlfriend came home. Sessions did not put up a fight when arrested and told the officers he "did what I had to do." Sessions was sentenced to life in prison. Sessions specifically appeals the trial court's denial of his motion to discharge court-appointed counsel and the denial of his motion for continuance after he chose to represent himself at trial. While we find no evidence that Sessions received ineffective assistance of counsel and affirm the trial court's denial of his motion to appoint new counsel when his second attorney was discharged, we find merit in Sessions' contention that the trial court erred in denying his motion for continuance.
"A motion for continuance is addressed to the sound judicial discretion of the trial court and absent abuse of that discretion the court's decision will not be reversed on appeal." Ziegler v. Klein, 590 So.2d 1066, 1067 (Fla. 4th DCA 1991). "The common thread running through those cases in which a palpable abuse of discretion has been found is that defense counsel must be afforded an adequate opportunity to investigate and prepare any applicable defense." Weible v. State, 761 So.2d 469, 472 (Fla. 4th DCA 2000) (quoting Smith v. State, 525 So.2d 477, 479 (Fla. 1st DCA 1988)). There are seven factors to be considered by the trial court when ruling upon a motion for continuance:
(1) the time actually available for preparation,
(2) the likelihood of prejudice from the denial,
(3) the defendant's role in shortening preparation time,
(4) the complexity of the case,
(5) the availability of discovery,
(6) the adequacy of counsel actually provided, and
(7) the skill and experience of chosen counsel and his pre-retention experience with the defendant or the alleged crime.
D.N. v. State, 855 So.2d 258, 260 (Fla. 4th DCA 2003).
During the period leading up to his trial, Sessions made several motions to discharge his court-appointed counsel. The trial court held a Nelson[1] hearing three days before the trial was scheduled to begin. Sessions asserted that counsel failed to research and prepare a defense based on the theory that Sessions had been in a diabetic rage, and failed to depose a security guard who witnessed the prior altercation. Sessions alleged he did not know he was diabetic until after he had been arrested and alleged he would not have been drinking all day on the day of the crime had he known that. Sessions asserted he had talked to doctors who told him that high sugar levels can "make you have rages and also can cause temporary memory loss."
Counsel responded to these allegations by asserting that he did not take the security guard's deposition because as a matter of trial strategy, it would hurt Sessions' case as the State could then use it to *196 establish Sessions' motive. With regard to an incapacity defense caused by diabetes, counsel asserted he had spoken to a doctor about it and the doctor indicated this was an absurd idea.
The trial court determined there was no "specific serious deficiency of [counsel's] efforts on your behalf measurably below that of [a] professionally competent attorney." Sessions insisted he wanted to represent himself and the trial court questioned him to determine his competency. Throughout the questioning, Sessions admitted he did not know what he was doing, but insisted he did not want his court-appointed counsel to represent him and would have to learn trial procedure as he went along. The trial court told Sessions if it granted his motion, no other attorney would be appointed to represent him. Sessions asked for a continuance to give him time to prepare and to request legal assistance from an agency in Miami. The trial court granted the motion to discharge counsel but informed Sessions the case would not be continued and the trial would begin on Monday.
On the day of trial, Sessions made the following statement to the trial court:
I don't see how you can find me competent to defend myself even though my lawyer withheld evidence, didn't try to get evidence, I'm a diabetic, didn't get my medical record being a diabetic to do with a lot of my charges. . . . I have the right for a proper trial and legal counsel.
The trial court reminded Sessions that this was all discussed at the earlier hearing and urged Sessions to use his court-appointed counsel. Sessions refused, again asked for a continuance, and asked that counsel give him the records of his case. Counsel, who was present despite being discharged, responded that he had already given Sessions all the discovery in the case and would supply Sessions with copies of the depositions that he had already given to Sessions. At this point the State asked the trial court to reconsider its decision not to appoint new trial counsel but the trial court declined. Sessions reiterated his request for new counsel and continuances throughout the trial.
"[A] defendant's invocation of the right to choose his own attorney may not be made in bad faith or `for the sake of arbitrary delay or to otherwise subvert judicial proceedings.'" Foster v. State, 704 So.2d 169, 173 (Fla. 4th DCA 1997). When denying Sessions' motion for continuance, the trial court did not make any findings that Sessions was seeking to delay the trial or making the request in bad faith. While the trial court pointed out that there had been six continuances granted in the course of the case, there was no indication in the record how many of those continuances were due to requests on Sessions' part. The outcome of the Nelson inquiry, three days prior to trial, meant that Sessions had essentially three days to prepare his defense and obtain his medical records.
While "there is no specified time period which establishes as a matter of law a lack of preparation on the part of counsel so as to mandate a continuance," we find this was not an adequate length of time to allow for a pro se litigant's preparation of a defense. Cox v. State, 354 So.2d 957, 958 (Fla. 3d DCA 1978). The State argues that the trial court's prior denials of his motions to discharge should have put him on notice that the trial court would deny the last motion. While Sessions had been protesting counsel's representations at other points leading up to the Nelson inquiry, this does not lead to the conclusion that he should have been aware that the trial court was likely to allow him to discharge counsel and represent himself without adequate time to prepare his defense.
*197 While Sessions' proposed defense that he was in a diabetic rage may be at the outside realm of believability, it was his only defense in a case that was factually against him and might have resulted in the conviction of a lesser included offense. By not allowing him adequate time to either prepare his own defense or obtain private counsel, we find the trial court violated his due process rights. The State itself asked the trial court to appoint new counsel for Sessions, recognizing that he was ill-prepared to represent himself. While the trial court was within its rights in refusing to appoint new counsel, its denial of a continuance to allow Sessions time to prepare and present his affirmative defense to the jury was an abuse of discretion.
We reverse Sessions' conviction and remand to the trial court for a new trial.
STONE and GROSS, JJ., concur.
NOTES
[1] Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).