WARNER, J.
 

 We affirm appellant’s convictions and sentences for second-degree murder, attempted first-degree murder with a firearm, shooting into an occupied vehicle with a firearm, carjacking while in possession of a firearm, and two counts of aggravated assault with a firearm. He claims that the court fundamentally erred in instructing the jury on the forcible felony exception to the justifiable use of deadly force.
 
 See Martinez v. State,
 
 981 So.2d 449 (Fla. 2008). We conclude that the instruction does not constitute fundamental error.
 
 Farmer v. State,
 
 975 So.2d 1275 (Fla. 4th DCA 2008).
 

 As a second point, Luxama contends that the court erred in summarily denying his renewed motion to discharge his counsel without an evidentiary hearing. However, Luxama had twice before moved to discharge counsel, and twice the court held a hearing on the same issue and denied the motion. When a new judge assumed the case, Luxama’s counsel “certified” conflict because Luxama had filed a bar complaint against her. She informed the court of the prior hearings and denial of the motion to discharge which had been based upon the bar complaint. The successor judge also denied the motion after what appears to be a thorough review of the prior proceedings on the issue.
 
 “A
 
 trial court’s ruling denying a motion to discharge counsel will not be reversed absent an abuse of discretion.”
 
 Soto v. State,
 
 751 So.2d 638, 636 (Fla. 4th DCA 1999). The trial court did not abuse its discretion in denying the motion when two prior hearings had been held on the issue, and neither counsel nor Luxama presented any new information to the court that would affect the result.
 

 Affirmed.
 

 MAY and DAMOORGIAN, JJ., concur.