WARNER, J.
 

 When appellant Cephus Wade appeared for trial on various criminal charges, he sought to discharge his lawyer and represent himself. After appropriate inquiries by the court, including the court’s admonition that it would not grant a continuance if Wade decided to represent himself, appellant discharged the lawyer and then asked for a continuance to prepare for trial. The court denied the request, and appellant represented himself through the trial, which concluded in a jury finding appellant guilty of the charged crimes.
 

 
 *641
 
 He now appeals, claiming that the court erred in denying his motion for continuance. We affirm.
 

 Appellant was charged by information with trafficking in oxycodone, possession of alprazolam (Xanax), and three counts of obtaining a controlled substance by fraud. The charges against appellant arose out of events that unfolded on August 3, 2007, in which appellant purchased controlled substances at a Broward County pharmacy.
 

 The evidence at trial showed that appellant, who suffered from lower back pain related to chronic disk problems, was a patient of Dr. Bernard, a physician at a pain management clinic in Hallandale, Florida. Dr. Bernard treated appellant’s chronic back pain with a combination of Oxycontin, Roxicodone, and Xanax. Appellant would receive a prescription for each of these medications once a month.
 

 For each visit, the office staff would prepare pre-written unsigned prescriptions and place them in the patient’s file for the doctor to sign and give to the patient. On appellant’s visit in August, the doctor noticed that the pre-written scripts were not in the file. The doctor then hand wrote appellant’s prescriptions, under the assumption that her staff did not have the opportunity to prepare appellant’s prescriptions in advance. Later that day, appellant brought prescriptions to a pharmacy. The pharmacist reviewed the prescriptions and noticed that the signature on the prescriptions did not look like Dr. Bernard’s signature, with which he was familiar. After faxing copies of the prescriptions to Dr. Bernard, who confirmed that the signatures were not hers, the pharmacist called the police who came and waited outside the pharmacy for appellant. When appellant left, the officers apprehended him, seizing the drugs he had purchased. Located in the car which appellant had taken to the pharmacy, the police found the three valid hand-written prescriptions which Dr. Bernard had signed.
 

 At the police station and after appropriate
 
 Miranda
 
 warnings, appellant confessed. He admitted that he received three valid prescriptions from Dr. Bernard that day, but attempted to get three “bad” prescriptions filled. Appellant explained that he had an arrangement with an individual who would pay for the prescriptions. Appellant stood to gain approximately $1,000 from this transaction.
 

 The state charged the appellant, and the public defender’s office was appointed to represent him. The court granted the defense three continuances prior to specially setting the trial approximately thirteen months after the information was filed.
 

 On the date of the trial, defense counsel announced that he was ready to proceed, but appellant claimed that he was not ready and was dissatisfied with his attorney. The trial judge then began conducting a Nelson
 
 [1]
 
 inquiry, explaining that if he found that appellant’s attorney was rendering ineffective assistance, the court would replace appellant’s lawyer and appoint the regional conflict counsel on the case. He further advised appellant that if he did not find that appointed counsel was rendering ineffective assistance, he would not replace appointed counsel. The judge explained that appellant would then decide whether to discharge defense counsel, but that if appellant were to discharge defense counsel at that point, the court would then perform a Faretta
 
 [2]
 
 inquiry to “make sure this is a knowing and intelligent waiver of your counsel and you’d be representing yourself.”
 

 
 *642
 
 After a thorough examination of defense counsel and his preparation of the case, the court found that counsel had performed effectively. If appellant chose to discharge his attorney, the court would not appoint another attorney, and appellant would have to represent himself. The court then recessed for lunch.
 

 Upon reconvening, and after the state made one last plea offer to the appellant, the court advised appellant that should he discharge his attorney and represent himself he would still have to start trial that day. The court then began a
 
 Faret-ta
 
 inquiry during which the court again asked the appellant whether he understood that he would not get a continuance if he discharged his attorney. While the defendant protested that he would need a continuance, he told the court that he understood that the court would not grant one if he decided to discharge his attorney and represent himself. After the court found him competent to represent himself, appellant discharged his attorney, although he accepted, and the court appointed, his former attorney as standby counsel.
 

 As soon as he discharged his counsel, appellant asked for a continuance. He claimed that he needed time to take further depositions of witnesses and to subpoena one for trial. The trial court thoroughly reviewed which witnesses appellant sought to depose or call to trial and a proffer by the appellant of their testimony. Defense counsel had already deposed some of the witnesses and had determined that the testimony of others would not be helpful. The court concluded that the witnesses’ testimony desired by appellant would not have been substantially favorable, and that appellant had not shown that the witness he wanted to subpoena was available and willing to testify. Finding no prejudice, the court again denied the continuance. Appellant proceeded to trial, continuing to claim prejudice in the denial of his motion for continuance. He was convicted by the juiy as charged and sentenced to mandatory sentences for drug trafficking.
 

 On appeal, he again claims that the court erred in denying the motion for continuance, claiming it violated due process. The granting or denial of a motion for continuance is within the trial court’s discretion.
 
 See Bouie v. State,
 
 559 So.2d 1113, 1114 (Fla.1990). The denial of a motion for continuance should not be reversed on appeal “unless there has been a palpable abuse of this judicial discretion.”
 
 Magill v. State,
 
 386 So.2d 1188, 1189 (Fla. 1980).
 

 In
 
 D.N. v. State,
 
 855 So.2d 258 (Fla. 4th DCA 2003), this court adopted from
 
 McKay v. State,
 
 504 So.2d 1280, 1282 (Fla. 1st DCA 1986), the following seven factors to consider in determining whether the denial of a motion for continuance was error due to lack of adequate time to prepare a defense when a defendant seeks to change counsel prior to trial: (1) the time actually available for preparation; (2) the likelihood of prejudice from the denial; (3) the defendant’s role in shortening preparation time; (4) the complexity of the case; (5) the availability of discovery; (6) the adequacy of counsel actually provided; and (7) the skill and experience of chosen counsel and his pre-retention experience with the defendant or the alleged crime.
 
 Id.
 
 at 260. The
 
 McKay
 
 court explained:
 

 While criminal defendants have the right to a reasonable opportunity to select and be represented by chosen counsel, and the right to a preparation period sufficient to assure at least a minimal quality of counsel,
 
 Birt v. Montgomery,
 
 725 F.2d 587 (11th Cir.1984)
 
 cert. den.,
 
 469 U.S. 874, 105 S.Ct. 232, 83 L.Ed.2d 161,
 
 citing Gandy v. Alabama,
 
 569 F.2d 1318,1323 (5th Cir.1978),
 
 the right is not
 
 
 *643
 

 absolute but at some point must bend before countervailing interests involving effective administration of the courts.
 
 Thus, when a defendant asks for a continuance on the eve of trial in order to allow time for recently retained counsel to prepare, the court must balance that request against many other factors, such as those outlined in
 
 U.S. v. Uptain,
 
 531 F.2d 1281 (5th Cir.1976).
 
 Birt
 
 at 593.
 

 504 So.2d at 1282 (emphasis added). Although
 
 McKay
 
 involved a change of counsel, we have applied a similar analysis to deny a last minute continuance to a defendant who chose to represent himself.
 
 See Langon v. State,
 
 791 So.2d 1105,1113 (Fla. 4th DCA 1999).
 

 We conclude that no “palpable abuse of judicial discretion” has been shown. The defense had already moved for three continuances to prepare for trial. Defense counsel told the court that he met with appellant at the jail and discussed his case nearly twice a month from the time counsel was appointed. Counsel sought one continuance specifically to pursue medical evidence requested by appellant. At no time prior to trial was the court or the state alerted that appellant desired to discharge his counsel. Appellant first addressed the issue on the day of trial.
 

 Considering the factors in
 
 D.N.,
 
 appellant did not have time to prepare for trial himself, because he sought to discharge counsel on the day of trial. He could have requested such relief earlier. Thus, he was the sole cause of the lack of time he had to prepare himself for trial. The court, in an extremely thorough review of defense counsel’s preparations, found that counsel had conducted extensive discovery. Appellant would not be prejudiced because the necessary discovery had already been conducted. The witness that appellant still wanted to call would not have provided exculpatory information. Furthermore, this was not a complicated case, as the appellant had confessed to the crimes.
 

 We distinguish
 
 Sessions v. State,
 
 965 So.2d 194 (Fla. 4th DCA 2007), where we reversed the denial of a continuance to a pro se defendant charged with murder. There, although multiple continuances had been sought, our court could not determine whether any were at the behest of the defense. The defendant had made several motions to discharge counsel prior to trial, alerting the court to his unhappiness with his counsel. Three days prior to trial, the court conducted a
 
 Nelson
 
 inquiry and determined that counsel was not ineffective. While the court permitted the defendant to discharge his attorney, the court cautioned him that it would not grant a continuance of the trial. Nevertheless, the defendant requested a continuance on the day of trial, claiming that he had not had time to receive medical documents as well as discovery. The court denied the continuance after defense counsel informed the court that he had given the defendant all of the discovery that had occurred. Our court held that it was a denial of due process under those circumstances to expect a pro se litigant to be prepared for trial in three days. However, the defendant apparently had not obtained copies of his medical records to present a defense to the murder charge based upon his claim that he was in a “diabetic rage” at the time of the incident.
 

 In this case, the defense had already received numerous continuances, and, unlike
 
 Sessions,
 
 appellant never sought to discharge his counsel until the morning of trial. Further, he did not have a defense to the charge that he needed to explore. He desired to call the office clerk who had prepared the prescriptions, claiming that she may have forged the doctor’s name on the prescriptions. However, that allegation would not exculpate appellant’s con
 
 *644
 
 duct in knowingly passing the forged prescriptions to the pharmacy. He had also confessed that he knew the prescriptions he gave to the pharmacist were “bad” and that he would sell the pills to another person. Therefore, he had no real defense to the charges.
 

 The trial court very carefully and conscientiously reviewed all of the issues raised before denying the motion for continuance. The inability to have more time to prepare for trial can be placed solely on appellant and his dilatory tactics in this case.
 

 Affirmed.
 

 POLEN and STEVENSON, JJ., concur.
 

 [1]
 

 .
 
 Nelson v. Stale,
 
 274 So.2d 256 (Fla. 4th DCA 1973).
 

 [2]
 

 .
 
 Faretta
 
 v.
 
 California,
 
 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).