MAY, C.J.
The defendant appeals his conviction and sentence on the charge of possession of cocaine and sale of cocaine within a thousand feet of a school. He argues the trial court erred in denying his motion for continuance on the day trial was set to begin. Under the special circumstances of this case, we agree and reverse.
The State charged the defendant with sale/delivery of cocaine within a thousand feet of a school and possession of cocaine. The defendant retained an attorney to represent him on the criminal charges. On the day of trial, defense counsel expressed concern about charges pending against him personally and asked the court that, if any juror had knowledge of the pending charges, it would be handled outside the presence of other jurors. The court indicated it would handle the issue outside the presence of the other jurors.
When the defendant was brought to court, he filed a pro se “Motion to Dismiss Attorney for Gross Negligence.” The motion alleged that defense counsel was not prepared for trial, had a conflict due to counsel’s request for additional funds, and expressed concern about his counsel’s own legal problems. The defendant requested a continuance. Defense counsel advised the court that his client wanted to discharge him. The court responded: “Well, Mr. Brown, you can, it’s a private attorney. You can discharge your attorney for no reason whatsoever if you want to. You don’t have to have a reason.” The defendant indicated that he wanted another lawyer from the same firm to represent him. The court then stated:
You can hire and fire any lawyer you want to. I mean, that’s your choice to get anybody you want. Just we’re here for trial today. You can’t wait until the morning of trial with jurors downstairs and tell me I want [to] change lawyers. I mean, we’re not here to accommodate you. We can’t do that.
[[Image here]]
You can either have [defense counsel] represent you this morning or you can fire [him] and represent yourself. We’re not going to continue your case just because, you have been in jail a long time. We need to get this case done. The witnesses are here and jurors are here. It’s, those are your two choices. Which of those do you want to have?
The defendant indicated that he could not represent himself. He did not have a choice, but did not understand why other defendants received continuances.
The court noted the defendant’s case had been continued numerous times, and advised him about the precautions that it had instituted to protect against his concerns about his counsel’s own legal problems. The court assured the defendant that no juror would have any concerns about defense counsel. With that assurance, voir dire commenced.
The evidence established that a confidential informant sought to purchase cocaine from the defendant. A surveillance team witnessed the transaction. The confidential informant got into the defendant’s vehicle, purchased cocaine from him, and returned to her vehicle, where an under *1048 cover deputy waited. A forensic chemist found the presence of cocaine. The jury found the defendant guilty.
After the verdict, but before sentencing, the defendant moved to dismiss his attorney for gross negligence. Defense counsel moved to withdraw, informing the court that he did not wish to discuss the issue in detail because the defendant’s sentencing was pending. The court granted the motion to withdraw and appointed the public defender to represent the defendant.
The trial court sentenced the defendant to life as a habitual offender for the sale/delivery of cocaine near a school, and five years concurrently for possession of cocaine.
On appeal, the defendant argues the trial court erred in denying his motion for continuance and in failing to conduct an inquiry on his pro se motion to dismiss his retained counsel. The State responds there was no abuse of discretion in the court’s denial of the defendant’s eleventh hour request for a continuance, and that Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973), does not apply to privately retained counsel.
“The granting or denial of a motion for continuance is within the trial court’s discretion.” Wade v. State, 30 So.3d 640, 642 (Fla. 4th DCA 2010). “ ‘A trial court’s ruling denying a motion to discharge counsel will not be reversed absent an abuse of discretion.’ ” Luxama v. State, 1 So.3d 1146, 1147 (Fla. 4th DCA 2009) (quoting Soto v. State, 751 So.2d 633, 636 (Fla. 4th DCA 1999)).
A Nelson[1] inquiry is unwarranted when a defendant is not seeking to discharge court-appointed counsel or to be represented by court-appointed counsel. Foster v. State, 704 So.2d 169, 172-73 (Fla. 4th DCA 1997). While we have held a Nelson inquiry is inappropriate under such circumstances, the United States Supreme Court has held that when a trial court knows or reasonably should know that a particular conflict exists between client and counsel, it should initiate an inquiry into the representation. Cuyler v. Sullivan, 446 U.S. 335, 347, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980).
We agree that a full Nelson inquiry was unwarranted because the defendant was represented by privately retained counsel and sought to secure another privately retained counsel. However, the trial court’s denial of the defendant’s motion for continuance and unwillingness to give due consideration to the unusual circumstance of defense counsel’s own legal problems causes us to reverse.
The First District Court of Appeal has identified seven criteria to be considered when evaluating a motion for continuance. McKay v. State, 504 So.2d 1280, 1282 (Fla. 1st DCA 1986). They include:
1) the time available for preparation,
2) the likelihood of prejudice from the denial,
3) the defendant’s role in shortening preparation time,
4) the complexity of the case,
5) the availability of discovery,
6) the adequacy of counsel actually provided and
7) the skill and experience of chosen counsel and his pre-retention experience with either the defendant or the alleged crime.
Id. We adopted this test in D.N. v. State, 855 So.2d 258, 260 (Fla. 4th DCA 2003). Applying the criteria to this case, we conclude the trial court abused its discretion in denying the motion for continuance.
While the trial court appeared frustrated by the defendant’s last minute request, *1049 it was incumbent on the court to review the criteria before denying the motion simply to move the case to trial. It is unclear how much time trial counsel had for preparation and what role the defendant played in shortening preparation time, even though it appears the case had been pending for some time. The case was not complex. There did not seem to be any problem with discovery.
The next three factors all weigh heavily in favor of the continuance. The defendant alleged his counsel was unprepared, wanted more money, and was under indictment. Although the court attempted to protect the jurors from having any information concerning the attorney’s legal problems, we are unable to discern from this record precisely what legal problem his counsel faced and how they would impact his effectiveness at trial. We cannot tell how long the defendant was aware of the issue and whether there was any delay in raising the issue. The likelihood of prejudice is great. Without a doubt the defendant did not think his counsel was adequate. Even though prior continuances had been granted, this unique set of circumstances warranted at the very least a full consideration of the facts to determine if a continuance was needed to ensure the defendant’s right to counsel and a fair trial.
For these reasons, we find the trial court abused its discretion in denying the continuance. We reverse and remand the case for a new trial.

Reversed and Remanded for a new trial.

WARNER, J., and MONACO, TOBY S., Associate Judge, concur.

. Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).