# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-0915
_____

PAUL LUXAMA,

    Appellant,

v.

FLORIDA DEPARTMENT OF
CORRECTIONS,

    Appellee.

_____


On appeal from the Circuit Court for Dixie County.
Jennifer Jones Johnson, Judge.


December 23, 2024


PER CURIAM.

Paul Luxama, a Dixie County inmate serving a life sentence for crimes committed in Broward County, appeals an order dismissing his petition for writ of habeas corpus. Finding no error by the circuit court, we affirm. *See Baker v. State*, 878 So. 2d 1236, 1246 (Fla. 2004) (explaining that courts may dismiss, rather than transfer, habeas petitions that seek relief which "(1) would be untimely if considered as a motion for postconviction relief under rule 3.850, (2) raise claims that could have been raised at trial or, if properly preserved, on direct appeal of the judgment and sentence, or (3) would be considered a second or successive motion under rule 3.850 that either fails to allege new or different grounds for relief that were known or should have been known at the time

the first motion was filed"); *Zuluaga v. Fla. Dep't of Corrs.*, 32 So. 3d 674, 677 (Fla. 1st DCA 2010).

Luxama's petition raised an untimely, successive, and frivolous postconviction challenge that was filed in Dixie County in a transparent attempt to circumvent an order barring further pro se filings in his Broward County criminal case.[*] We find that the petition, and this appeal from its dismissal, were not brought in good faith. Accordingly, we refer Luxama to the Department of Corrections for potential disciplinary action. *See* § 944.279, Fla. Stat. (2024); *Ponton v. Willis*, 172 So. 3d 574, 576 (Fla. 1st DCA 2015) (explaining that no order pursuant to *State v. Spencer*, 751

---

[*] The Broward County judgment and sentence were affirmed in 2009. *See Luxama v. State*, 1 So. 3d 1146 (Fla. 4th DCA 2009). Since then, Appellant has filed numerous petitions and appeals challenging his judgment and sentence in the Fourth District Court of Appeal and the Florida Supreme Court. *See Luxama v. Inch*, No. SC21-601, 2021 WL 2132787 (Fla. May 26, 2021) (dismissing a petition for writ of habeas corpus); *Luxama v. State*, No. SC18-1199, 2018 WL 4360872 (Fla. Sept. 12, 2018) (denying a petition for writ of mandamus and stating that the supreme court "generally will not consider the repetitive petitions of persons who have abused the judicial processes of the lower courts such that they have been barred from filing certain actions there"); *Luxama v. Jones*, No. SC16-580, 2016 WL 3486421 (Fla. June 27, 2016) (denying a petition for writ of habeas corpus raising the same issue as the previous habeas petition); *Luxama v. Jones*, No. SC15-2378, 2016 WL 1122312 (Fla. Mar. 22, 2016) (denying a petition for writ of habeas corpus to the extent that it sought review of the opinion in Luxama's direct appeal and dismissing it to the extent that it sought review of a postconviction appeal); *Luxama v. State*, 228 So. 3d 571 (Fla. 4th DCA 2017) (affirming the denial of a petition for writ of habeas corpus); *Luxama v. State*, 211 So. 3d 1053 (Fla. 4th DCA 2016) (affirming the denial of a motion for postconviction relief); *Luxama v. State*, 145 So. 3d 110 (Fla. 4th DCA 2013) (affirming the denial of a motion for postconviction relief); *Luxama v. State*, 68 So. 3d 248 (Fla. 4th DCA 2011) (affirming the denial of a motion to correct illegal sentence).

So. 2d 47 (Fla. 1999), is required before a court may refer an inmate for disciplinary action based on a frivolous filing).

The court warns Luxama that any further pro se filings that this court determines to be frivolous or malicious may result in the imposition of more sanctions, including a prohibition against future pro se filings in this court.

AFFIRMED.

RAY, BILBREY, and LONG, JJ., concur.

―――――――――――――――

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

―――――――――――――――

Paul Luxama, Appellant, pro se.

Ashley Moody, Attorney General, and Anne Catherine Conley, Assistant Attorney General, Tallahassee, for Appellee.